Carol A. Sobel SBN 84484
Monique A. Alarcon SBN 311650
Fred R. Zelaya SBN 305848
LAW OFFICE OF CAROL A. SOBEL
725 Arizona Ave., Suite 300
Santa Monica, CA 90405
T: (310) 393-3055
E: carolsobel@aol.com
E: monique.alarcon8@gmail.com
E: fred.zelaya3@gmail.com

Paul L. Hoffman SBN 71244
Catherine Sweetser SBN 271142
SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
(t) 310 396-0731
(e) hoffpaul@aol.com
(e) catherine.sdshh@gmail.com

Attorneys for Plaintiff

# UNITED STATES OF DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DARREN "PETE" WHITE<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; CHIEF CHARLIE BECK, in his official capacity; SERGEANT EDWARD J. KINNEY and DOES 1-10,<br><br>    Defendants. | Case No.: 17-cv-3306<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF<br><br>42 U.S.C. § 1983; FIRST, FOURTH, AND FOURTEENTH AMENDMENT: VIOLATION OF FIRST AMENDMENT, RETALIATION FOR EXERCISE OF FIRST AMENDMENT ACTIVITY, UNLAWFUL SEIZURE<br><br>CALIFORNIA CONSTITUTION ARTICLE I, § 2;<br><br>CA CIVIL CODE § 52.1<br><br>FALSE IMPRISONMENT<br><br>FALSE ARREST WITHOUT A WARRANT BY PEACE OFFICER<br><br>Action Filed: May 2, 2017 |

**JURISDICTION AND VENUE**

1. This is an action for declaratory and injunctive relief and damages based upon ongoing violations by the Defendants of the rights secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the United States Constitution. Juridiction exists based on 28 U.S.C. §§ 1331 and 1343 as the case is brought pursuant to 42 U.S.C. §1983 based on questions of federal constitutional law. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 in that they are based on the same case or controversy as the federal claims.

2. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**INTRODUCTION**

3. Plaintiff, an organizer on Skid Row in Los Angeles, brings this action against the City of Los Angeles ("CITY") and individuals in the Los Angeles Police Department ("LAPD"). The LAPD has repeatedly interfered with Plaintiff's right to film and photograph members of the LAPD in public places.

4. The LAPD has a policy, custom and practice of interfering with members of the public when they are engaged in the protected First Amendment activity of filming or photographing public police activity. The right to film public employees carrying out their duties in public places has long been recognized as protected First Amendment activity. Despite this, Defendant CITY has failed to develop adequate and lawful policies to inform and train its personnel on this issue. When officers are alleged to have violated this well-established First Amendment right, the LAPD does nothing to correct this unlawful conduct.

5. LAPD officers operated under color of law in carrying out the actions complained of herein. They interfered with Plaintiff's protected constitutional rights, excercised in a traditional forum open to the public, without any legal justification.

**PARTIES**

6. Darren "Pete" White is and at all relevant times was a resident of the City and County of Los Angeles, California. He is the founder and Executive Director of CANGRESS, also known as Los Angeles Community Action Network ("LA CAN"), a non-profit on Los Angeles' Skid Row.

7. Chief Charlie Beck ("BECK") is the head of the Los Angeles Police Department. He is the policy maker for the Los Angeles Police Department and the City of Los Angeles on the issues raised by Plaintiff's claims. Beck ratified and/or condoned the policies, practices and customs that caused the violations of Plaintiff's federal and state constitutional and statutory rights.

8. Defendant City of Los Angeles ("CITY") is, and at all times relevant herein was, a municipal entity duly organized under the laws of the State of California, with the capacity to sue and be sued. The Los Angeles Police Department ("LAPD") is a subdivision of the City of Los Angeles. The CITY is sued on the basis of the LAPD's policies, customs and/or practices, which gave rise to Plaintiff's federal civil rights claims, and as respondeat superior for the state law claims.

9. Sergeant "KINNEY" is an Officer of the Los Angeles Police Department. Mr. White was arrested at the direction of Sgt. KINNEY. Defendant Sgt. KINNEY abused his authority in ordering the arrest of Plaintiff has his acts toward Plaintiff were malicious, oppressive and in reckless disregard of Plaintiff's rights.

10. Plaintiff is informed and believes that the DOE defendants are all officials, agents or employees of the Los Angeles Police Department. At all relevant times, the DOE defendants were acting in the course and scope of their employment and pursuant to the policies, practices and customs of the LAPD. Upon information and belief, plaintiffs allege that the DOE defendants were engaged in deliberate acts to violate the First and Fourth Amendment rights of Plaintiff by, among other

2

activities, impeding Plaintiff from recordings the public activities of City employees and arresting Plaintiff for engaging in lawful First Amendment activity.  Plaintiffs are ignorant of the true names of the DOE defendants and will amend this Complaint to identify the DOE defendants following discovery. Each of the DOE defendants was responsible for violation of Plaintiff's rights and each is sued in his or her individual and official capacity.

11.     Each of the acts complained of herein was taken, and each violation of Plaintiff's rights occurred, pursuant to the policies, practices and customs of the LAPD and each complained of was approved, condoned, or ratified by persons of authority, either direct or delegated, within the Defendant CITY.  At all times, in doing the acts complained of herein, each Defendant was acting under color of law.

### STATEMENT OF FACTS

**THE ARREST OF PETE WHITE:**

12.     On June 14, 2016, Mr. White was videotaping a police interaction with a homeless person in Skid Row.  The police had removed the individual from a tent located midway on the block of 6th Street, just west of San Julian, as shown in Exhibit 1 in the photograph below.



Ex. 1.

1  13. The police put up a yellow tape around the perimeter of the area. Mr. White, wearing the green top in Exhibit 2, the photograph below, stood behind the yellow tape, at the southwest corner of the street, videotaping the police from more than half a block away, a distance of well more than 40 feet. At the same time, other members of the public, as shown below, were inside the taped area and closer to the area of police activity.



Ex. 2.

14. Plaintiff WHITE came to the area after receiving a call from a colleague that the approximately seven police officers had arrived on the scene, at least one displaying a rifle, and were attempting to remove an individual from a tent on 6th Street. A few months earlier, in a similar incident where police had responded to a call on Skid Row involving a homeless man in a tent, the event ended with the police shooting and killing the individual known as Brother Africa. Mr. WHITE was especially concerned when he was told that one of the officers on the scene was the same officer who had killed Africa.

15. As the incident concluded, Sergeant KINNEY walked east, away from the investigation site. Staying behind the yellow tape, Mr. WHITE had earlier moved closer to the southeast corner of San Julian and 6th Street, more than 80 feet away from the police activity with the homeless individual removed from his tent.

As shown in Exhibit 3, the photograph below, Plaintiff was behind the yellow tape as he videotaped Sgt. KINNEY when he walked in front of Plaintiff. Nonetheless, Sgt. KINNEY ordered Plaintiff's arrest.



Ex. 3.

**THE DETENTION AND CHARGE:**

16. As shown in Exhibit4, Plaintiff was arrested and marched through the street in handcuffs to the Central Station.



Ex. 4.

17. Plaintiff was held in police custody for approximately four hours, in violation of California Penal Code §835.6, which provides, in mandatory language, that an individual be cited and released in the field or immediately after booking for

a misdemeanor violation unless one of several exceptions, none of which is applicable here, is documented.

18. Plaintiff was held in a cell at Central Station. As he remained in custody, Plaintiff observed LAPD officers and command staff conferring at length about what to charge Plaintiff with as a crime. While he remained in the cell, he heard various LAPD officers discuss charging him with a violation of Los Angeles Municipal Code 41.18(d), the Municipal Code provision that prohibits "sitting, lying or sleeping on the sidewalk during daytime hours," a clearly inapplicable charge. Ultimately, Plaintiff was charged with a misdemeanor violation of Penal Code §148 for, purportedly, resisting arrest. There was no evidence to support this charge, or any other criminal violation.

19. After several hours, Plaintiff was transferred to the Metropolitan Detention Center, where he was held in a cell before being booked and released with a notice to appear on July 8, 2016 on a charge of resisting arrest. No charges were ever filed.

20. As a direct consequence of the City's actions, Plaintiff has suffered injury to his constitutional and statutory civil rights. He was arrested, handcuffed, and incarcerated for several hours, all without lawful justification.

**MONELL ALLEGATIONS**

21. The LAPD has a custom and practice of interfering with "citizen journalists" as they record police activity in public places. The interference takes the form of grabbing photographic equipment to prevent recording, ordering individuals to move to a distance that precludes documentation of police activity, through threats of and actual arrest.

22. The City was on notice that members of the police department were violating the First Amendment rights of "citizen journalists" who filmed law enforcement activity in public fora, but did nothing to stop this illegal conduct by its officers.

23. The City's failure to enact, implement and train regarding lawful policies on this fundamental right is all the more remarkable because the California Legislature amended Penal Code § 148 in 2015 to add subsection "(g)" for the stated legislative intent to provide that it is not, standing alone, sufficient to constitute obstruction of an officer or "reasonable suspicion to detain the person or probable cause to arrest the person" for the act of photographing or taping a "public officer, peace officer, or executive officer, while the officer is in a public place or the person taking the photograph or making the recording is in a place he or she has the right to be[.]" SB 411, Assembly Committee on Public Safety, June 30, 2015. P.1. *See also* California Penal Code § 148(g). Amended by Stats. 2015, Ch. 177, Sec. 2. Effective January 1, 2016.)

24. The legislative history of SB 411 underscored the Constitution's guarantee to freedom of speech. The Legislature also cited the multiple decisions of the Ninth Circuit Court of Appeals, upholding this First Amendment right to record public officers in public places. Specifically, the Legislature cited to *Fordyce v. City of Seattle*, 55 F3d 436, 439 (9th Cir. 1995); *Skoog v. City of Clackamas*, 469 F.3d 1121, 1231-32 (9th Cir. 2006); and, *Ford v. City of Yakima,* 706 F.3d 1188, 1193 (9th Cir. 2013).

25. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), the City is liable for all injuries sustained by Plaintiff as set forth herein. The City bears liability because its policies, practices, and/or customs caused Plaintiff's injuries. The City and its officials maintained or permitted one or more of the following policies, customs, or practices:

26. Failure to implement lawful policies on, and/or to provide adequate training and supervision to police officers with respect to the First Amendment rights of the public to monitor and record police activity;

27. Failure to adequately investigate and/or discipline officers alleged to have violated the First Amendment rights of individuals documenting police

7

1 activity in public fora;

2     28.    Condonation and encouragement of officers in the belief that they can violate the rights of persons, such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

    29.    Ratification by command staff of the specific unconstitutional acts alleged in this complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

    30.    Plaintiff timely filed a claim with the Defendant City of Los Angeles pursuant to Cal. Gov't Code § 910 et seq. Defendant City of Los Angeles denied the claim in November, 2016.

## FIRST CAUSE OF ACTION

### Violation of First Amendment (42 U.S.C. § 1983); Ca. Const. Art. I, §2, 3
### Against All Defendants

    31.    Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

    32.    Defendants' actions violated Plaintiff's rights under the First Amendment to the United States Constitution by arresting Plaintiff, thereby prohibiting him from exercising his constitutional rights in a public forum under the First Amendment and the analogous provisions of the California Constitution. Plaintiff was in a public forum and documenting police activity on a public sidewalk.

    33.    Defendants knew or should have known that preventing someone from recording police activity on a public sidewalk, behind the police tape and from a distance that could not possibly have created interference with the ongoing police investigation was a clearly established violation of the First Amendment at the time of the incident.

    34.    As a direct and proximate result of Defendants' actions, Plaintiff experienced a constitutional deprivation and has suffered damages.

## SECOND CAUSE OF ACTION

**Retaliation in Violation of the First Amendment (42 U.S.C. § 1983);
Ca. Const. Art. I, § 2
Against All Defendants**

35. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

36. Defendants knew or should have known that both prohibiting the recording of police activity from a safe and non-obstructive distance, and retaliating against a person for exercising his First Amendment rights, were clearly established as violations of the First Amendment at the time of the incident.

37. Defendants' actions also violated Plaintiff's First Amendment rights by retaliating against him for asserting that he had a right to photograph or film the police on a public street from an open public sidewalk. Defendants retaliated against Plaintiff by ordering him to step back even when he was already maintaining a safe distance from police conduct. Plaintiff had a First Amendment right to tell the officers about his constitutional right to document the police, as well as to engage in his First Amendment right to photograph and film the police in the first place.

38. Defendants knew or should have known that retaliating against someone for asserting his First Amendment rights was a clearly established violation of the First Amendment at the time of the incident.

39. As a direct and proximate result of Defendants' actions, Plaintiff experienced a constitutional deprivation and suffered damages.

## THIRD CAUSE OF ACTION

**Unlawful Seizure in Violation of the Fourth Amendment (42 U.S.C. §1983);
Ca. Const. Art. I, § 7
Against All Defendants**

40. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

41. The seizure of Plaintiff at the direction of Officer "KINNEY," which was condoned and ratified by supervisors within the LAPD, was unlawful and violated

9

Plaintiff's Fourth Amendment rights to be free from unlawful seizure of his property.

42. Defendants knew or should have known that retaliating against someone for asserting his First Amendment rights was a clearly established violation of the First Amendment at the time of the incident.

43. As a direct and proximate result of Defendants' actions, Plaintiff experienced a constitutional deprivation.

### FOURTH CAUSE OF ACTION
### Violation of Fourteenth Amendment
### Against All Defendants

44. Plaintiff had a liberty interest under the Fourth Amendment to be free from an unlawful arrest. Plaintiff also had a liberty interest created by California Penal Code §853.6, which directs in mandatory language that a person suspected of a misdemeanor violation "shall" be cited and released on his own recognizance in the field without booking and, if that is not feasible, released immediately after booking.

45. According to a study conducted by the Los Angeles Police Commission, this process should have taken less than an hour. Plaintiff was not booked when he was detained at Central Division because he had committed no crime and the Defendants could not agree on how, if at all, to charge him. Plaintiff was held for several hours, well beyond the time necessary to book and release him on his own recognizance based on the facts of this case, even if Plaintiff was booked on the meritless charges.

46. Defendants knew or should have known that detaining someone for hours for a minor misdemeanor charge violated the detainee's liberty interests.

47. As a direct and proximate result of Defendants' actions, Plaintiff experienced a constitutional deprivation.

### FIFTH CAUSE OF ACTION

### Violation of Cal. Civ. Code § 52.1
### Against All Defendants

48. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

10

49.   Defendants' actions violated Plaintiff's right to freedom of expression and his right to information about the activity of public employees, as well as his right to be free from unlawful seizure, all rights guaranteed under the United States and California constitutions.

      50.   Defendants interfered with plaintiff's federal and state constitutional and statutory rights by means of threats, intimidation, and/or coercion and directly and proximately damaged plaintiff. Officer "KINNEY" ordered the arrest of Mr. White to remove him from the area. Officer "KINNEY's" actions were designed to prevent Mr. White from exercising his constitutional right and in retaliation for his assertion of those rights.

## SIXTH CAUSE OF ACTION

### False Imprisonment
### Against All Defendants

      51.   Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

      52.   Defendants' intentionally deprived Plaintiff of his freedom of movement by arresting and handcuffing him and then confining him in a jail cell at Central Community Police Station.

      53.   Plaintiff was held in police custody for several hours, handcuffed and then transported to, and detained in, a cell at Central Station.

      54.   Plaintiff did not consent to the confinement and was harmed by the confinement.

      55.   Plaintiff was harmed by the confinement.

      56.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## SEVENTH CAUSE OF ACTION

### False Arrest Without Warrant by Peace Officer
### Against All Defendants

      57.   Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

11

58. Plaintiff alleges he was wrongly arrested at the direction of Defendant Kenney, without a warrant and, in significant part, to retaliate against Plaintiff for his First Amendment activities on behalf of the homeless community on Skid Row.

59. Plaintiff alleges he was harmed when he was deprived of his constitutional right to be free from an unlawful seizure.

60. Defendants' conduct was a substantial factor in causing Plaintiff's constitutional deprivation and the resulting harm Plaintiff suffered.

**PRAYER FOR RELIEF**

61. Plaintiff respectfully requests that the Court enter a judgment providing:

    a. A declaration that Defendants' policies, practice or custom of obstructing members of the public being able to film or photograph public police activity is unlawful under the First Amendment;

    b. A declaration that the seizure of Plaintiff to prevent him from filming or photographing public police activity is unlawful under the First and Fourth Amendments;

    c. Compensatory and statutory damages in an amount to be Determined at trial;

    d. Punitive damages against Defendant KINNEY;

    e. Reasonable attorneys' fees and costs; and

    f. Any other relief the Court deems just and proper.

DATED: July 31, 2017            Respectfully Submitted,

                                      Law Office of Carol A. Sobel
                                      Schonbrun Seplow Harris & Hoffman

                                         /s/ Carol A. Sobel
                                      By: CAROL A. SOBEL
                                      Attorneys for Plaintiff