Carol A. Sobel SBN 84484
Monique A. Alarcon SBN 311650
Fred R. Zelaya SBN 305848
LAW OFFICE OF CAROL A. SOBEL
725 Arizona Ave., Suite 300
Santa Monica, CA 90405
T: (310) 393-3055
E: carolsobel@aol.com
E: monique.alarcon8@gmail.com
E: fred.zelaya3@gmail.com

Paul L. Hoffman SBN 71244
Catherine Sweetser SBN 271142
SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
(t) 310 396-0731
(e) hoffpaul@aol.com
(e) catherine.sdshh@gmail.com

Attorneys for Plaintiff

## UNITED STATES OF DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DARREN "PETE" WHITE<br><br>          Plaintiff,<br>     vs.<br><br>CITY OF LOS ANGELES; et al.,<br><br>          Defendants. | Case No.: 17-cv-3306<br><br>RESPONSE TO OSC RE SERVICE OF SUMMONS AND COMPLAINT<br><br>Action Filed: May 2, 2017 |

Plaintiffs submit the Declaration of Carol A. Sobel in response to the Court's Order to Show Cause re service of the summons and complaint in this action. Based on the representations set forth below, Plaintiff respectfully requests that the Court permit Plaintiffs to complete service on the remaining defendant no later than August 10, 2017.

Dated: August 3, 2017          Respectfully Submitted,

Law Office of Carol A. Sobel
Schonbrun Seplow Harris & Hoffman

/s/ Carol A. Sobel
By: CAROL A. SOBEL
Attorneys for Plaintiff

## DECLARATION OF CAROL A. SOBEL

I, CAROL A. SOBEL, declare:

1.      I am an attorney admitted to practice before the Supreme Court of California and the United States District Court for the Central District of California, among other courts.  I have personal knowledge of the facts set forth below and, if called to testify to those facts, would and could do so competently.

2.      At the beginning of July, I provided copies of the summons and complaint to my process server and directed service to be made on each of the three named defendants.  The service was completed on the City of Los Angeles and Chief Charlie Beck that same day.

3.      I informed my process server that Sgt. Kinney should be served at the Central Police Station on 6th Street.  I later received an email from the process server, informing me that the service for Sgt. Kinney had been rejected as they were informed by the desk officer that he did not work at that station.

4.      Based on the information I received from the process server, I called the personnel division of the LAPD and spoke to an individual named Bonita.  She informed me that there was no one named Sgt. Kinney who worked for the department.  Believing that I had misunderstood the name, I asked if there was anything even close to that and she responded, after checking her computer, that there was a Det. Kenny at Pacific Division.

5.      Based on this information, I directed my process server to attempt service at Pacific Police Station.  When they did so, the service was rejected and the server advised me that the station required a serial number for service.

6.      On July 31, 2017, after speaking with my client again, I learned that the defendant Sergeant's last name was spelled incorrectly.  I was informed by my client that the Sergeant was deposed the prior year in *Los Angeles Catholic Worker v. Los Angeles Downtown Business Improvement District*, cv-14-07344 PSG.  I had access to the deposition transcript and reviewed it to ensure that I had the correct

name for the defendant.

7.    With the correct spelling, I called Personnel Division again and asked for the current assignment of Sgt. Edward Kinney.  I was informed that there was no employee of the LAPD by that name.  I advised the Personnel Division that I had a deposition he had given just a few months earlier and had located multiple news articles on the internet, quoting Sgt. Kinney and identifying him as a supervisor at Central Police Station.  I spoke with Ms. Johnson at Personnel Division, who took my number and then called me back.  Ms. Johnson advised me Personnel would accept service and that I should fax the summons and complaint to the Personnel Division marked to the attention of Janise.

8.    I then filed an Amended Complaint and Summons to correct Defendant Kinney's name.  It was my intention to serve the remaining Defendant once the Summons issued with his name spelled correctly.  I inadvertently failed to add language on the Summons indicating that it was a Summons on First Amended Complaint.  Consequently, a Notice of Deficiency issued and the Summons did not issue.

9.    I intended to complete service on the remaining Defendant on August 1, within the time set by the OSC and the Local Rules. There is no prejudice to the Defendant in this instance.  The event at the center of this action occurred on June 14, 2016, so the statute of limitations on the claim does not run until June, 2018.

10.    Plaintiff requests that the Court vacate the Order to Show Cause and extend the time for Plaintiff to complete service on Defendant Kinney no later than August 10, 2017.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of August, 2017 in Washington, D.C. under the laws of California.

/s/  Carol A. Sobel
CAROL A. SOBEL