**CAROL A. SOBEL**, SBN 84483
**MONIQUE A. ALARCON,** SBN 311650
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

**PAUL HOFFMAN**, SBN 71244
**CATHERINE SWEETSER**, SBN 271142
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP**
11543 W. Olympic Boulevard
Los Angeles, CA 90010
(t) 310-396-0731
(f) 310-399-7040
(e) hoffpaul@aol.com
(e) csweetser@sshhlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN "PETE" WHITE,<br><br>             Plaintiff,<br><br>      v.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>             Defendants. | Case No.: 2:17-cv-3306-SJO-MRW<br><br>**PLAINTIFF'S MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE OF PAST ARRESTS AND CONVICTIONS OF PLAINTIFF AND HIS WITNESSES**<br><br>Date: August 21, 2018<br>Time: 9:00 a.m.<br>Dept.: 10C (Hon. S. James Otero)<br><br>*Complaint Filed: May 3, 2017* |

**NOTICE IS HEREBY GIVEN** that on August 21, 2018 at 9:00 a.m., or as soon thereafter as the matter may be heard in Department 10C of the above-entitled court, Plaintiff will move the Court for the following in limine order: that Defendants, their attorneys and any witnesses called by Defendants to testify at trial be precluded from introducing any evidence in the presence of the jury, whether testimonial or documentary, concerning any of Plaintiff's past arrests and a juvenile conviction of his witness.

Alternatively, Plaintiff requests that the Court issue an order requiring Defendant to make an offer of proof outside the presence of the jury and permit the Court to conduct a Federal Rule of Evidence § 104 hearing to determine whether the specific evidence sought to be introduced is proper.

The motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and upon such additional oral and/or documentary evidence as may be presented in reply to the opposition of Defendant, if any, and at the hearing on the motion.

This motion is made following the meet and confer of counsel in accord with L.R. 7-3 which took place on July 12, 2018.  The parties were unable to reach a stipulation as to the subject matter of this Motion in Limine.

Dated: July 17, 2018

Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP

By:  /s/ Monique Alarcon
       Attorney for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

In this 42 U.S.C. § 1983 action, Plaintiff alleges that his rights to free speech and to be free from retaliation for the exercise of his First Amendment right were violated when Defendants unlawfully arrested him for recording police activity. Specifically, Plaintiff's claims include violations of: (1) First Amendment, freedom of speech; (2) Retaliation in violation of the First Amendment; (3) Fourth Amendment, unlawful seizure; (4) Fourteenth Amendment, liberty deprivation; (5) Bane Act violation; (6) False Imprisonment; and (7) False Arrest.

At trial, Plaintiff anticipates that Defendants will offer highly irrelevant evidence regarding Plaintiff's prior arrests and those of his witnesses. Any evidence regarding Plaintiff's prior arrests is not only inadmissible, but highly prejudicial and intended to inflame a jury. Because both the Federal Rules of Evidence and applicable authority make clear that such evidence is inadmissible, it must be excluded.

**II.     PRIOR ARRESTS ARE IRRELEVANT AND INADMISSIBLE**

As a threshold matter, irrelevant evidence is inadmissible pursuant to Fed. R. Evid. 402. Even relevant evidence, should be excluded where its probative value is substantially outweighed by the danger of unfair prejudice, Fed. R. Evid. 403, and when it is introduced only as improper character evidence, Fed. R. Evid. 404(b). Moreover, non-felony prior convictions that have no bearing on one's character for truthfulness are inadmissible. Fed. R. Evid. 609(a)(1)(A).

Plaintiff's role as an organizer in Skid Row has exposed him to repeated interference with his First Amendment rights by the Los Angeles Police Department ("LAPD"). As a result, he has suffered two past arrests, none of which led to a conviction  In fact, in all three of Plaintiff's arrests, including the one that underpins this action, charges were never filed. One of Plaintiff's witnesses has only one juvenile conviction that took place well more than 10 years ago. As set

forth below, evidence of Plaintiff and his witnesse' past arrests and convictions are inadmissible and would be unduly prejudicial to Plaintiff's claims if heard by the jury.

### A. Evidence of Arrests Is Barred by Fed. R. Evid. 401, 402, 403, and 404

#### 1. The evidence is irrelevant and inadmissible

All relevant evidence is generally admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. A court may exclude relevant evidence, however, "if it's probative value is substantially outweighed by a danger of one or more of the following; unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Defendants informed Plaintiff's counsel that they plan to introduce evidence of Plaintiff's prior arrests and convictions to show his purported unlawful conduct when engaging in protected First Amendment activity. Plaintiff's past arrests, however, do not make an essential fact at issue in this case more or less probable, and therefore fail to meet the standard of relevance under 401. Plaintiff was previously arrested twice, once in 2004 and once in 2011. In both cases, Plaintiff was engaging in First Amendment activity and Plaintiff was not convicted in either case. In his prior arrest, the Ninth Circuit held that the statute in question was unlawfully applied to arrest Plaintiff for his First Amendment protected activity. *See CPR for Skid Row v. City of Los Angeles*, 779 F.3d 1098 (9th Cir. 2015).

In the instant case, the jury will have to decide whether Plaintiff's conduct when filming police activity in a public place, whether in front of the police line or behind the line, from a vantage point of well over 40 feet, provided probable cause to arrest Plaintiff for a violation of Cal. Penal Code § 148(A)(1), "resisting arrest."

The facts essential to Plaintiff's case are only those that occurred on the day in question.

Any speculation that Plaintiff's past arrests make it "more likely" that he resisted arrest in the instant case, or less likely that he was engaged in protected First Amendment activity, is too attenuated, and any potential relevance of such speculation is substantially outweighed by the undue prejudice to Plaintiff.

### 2. The evidence is unduly prejudicial

The Ninth Circuit has resoundingly reasoned that evidence of criminal history is unduly prejudicial and likely to inflame, mislead, or confuse the jury. *See, e.g., United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986) ("[E]vidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value."); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 807 (9th Cir. 2018) (reasoning that the trial court acted within its discretion pursuant to Rule 403 in excluding evidence of jail inmates' criminal history in their civil rights case). Evidence of a Plaintiff's criminal history is especially prejudicial in civil rights actions. *See*, *Barber v. City of Chicago*, 725 F.3d 702, 714 (7th Cir. 3013) ("Presenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers.) This is especially true here, where Plaintiff's prior arrests were for allegedly similar conduct as the underlying arrest in the present case. For these reasons, such evidence must be excluded under Rule 403.

### 3. The evidence is improper character evidence

Additionally, in a civil case, evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait. Fed. R. Evid. 404(a); *see* Advisory Committee's Note to 2006 Amendment to Rule 404. "The amendment is consistent with the original intent of the rule,

which was to prohibit the circumstantial use of character evidence in civil cases, even when closely related to criminal charges." *Id.* Defendants will likely proffer evidence of Plaintiff's prior arrests to improperly demonstrate that his protected First Amendment activity often results in arrest. Because Plaintiff's claims involve unlawful seizure and false arrest, such evidence would "encourage[] the jury to draw an improper propensity inference that Plaintiff's other arrests made it more likely that he was committing *some* crime on the day of the arrest in question. *Nelson v. City of Chicago*, 810 F.3d 1061, 1068 (7th Cir. 2016). Such evidence amounts to nothing more than a veiled attempt to do what Rule 404(b) prohibits: introduce prior acts to show a propensity to commit such acts. This evidence should be excluded by this Court as improper character evidence.

### B. Juvenile Convictions Are Inadmissible In A Civil Case

Evidence of juvenile convictions are patently inadmissible in a civil case. Fed. R. Evid. 609(d); *Powell v. Levit*, 640 F.2d 239, 241 (9th Cir. 1981) (per curiam decision holding that the trial court had no discretion to admit evidence of a prior juvenile conviction in a civil proceeding). Given the highly prejudicial nature of juvenile convictions, the Federal Rules of Evidence limit its admissibility to criminal cases only, and only in limited circumstances. Fed. R. Evid. 609(d).

Despite these established principles, Defendants intend to use evidence of Plaintiff's witness's juvenile conviction to demonstrate bias toward law enforcement.[1] The nature of the underlying offense is immaterial. Such evidence is simply wholly inadmissible in the instant case. Pursuant to Rule 609(d), this Court must exclude evidence of Plaintiff's witness's juvenile conviction.

---

[1] To preserve the privacy rights of Plaintiff's witness, Plaintiff will not refer to the witness with a juvenile conviction by name. Defense counsel is aware of which witness has a juvenile conviction.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine No. 1 and exclude evidence of Plaintiff's prior arrests and the juvenile conviction of his witness.

Dated: July 17, 2018

                Respectfully submitted,

                LAW OFFICE OF CAROL A. SOBEL
                SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP

                By:   /s/ Monique Alarcon
                        Attorney for Plaintiff