**CAROL A. SOBEL**, SBN 84483
**MONIQUE A. ALARCON,** SBN 311650
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

**PAUL HOFFMAN**, SBN 71244
**CATHERINE SWEETSER**, SBN 271142
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP**
11543 W. Olympic Boulevard
Los Angeles, CA 90010
(t) 310-396-0731
(f) 310-399-7040
(e) hoffpaul@aol.com
(e) csweetser@sshhlaw.com

*Attorneys for Plaintiff.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN "PETE" WHITE,<br><br>              Plaintiff,<br>     v.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>              Defendants. | Case No.: 2:17-cv-3306-SJO-MRW<br><br>**PLAINTIFF'S MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF PLAINTIFF'S AND HIS ORGANIZATION'S PAST LAWSUITS**<br><br>Date: August 21, 2018<br>Time: 9:00 a.m.<br>Dept.: 10C (Hon. S. James Otero)<br><br>*Complaint Filed: May 3, 2017* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on August 21, 2018 at 9:00 a.m., or as soon thereafter as the matter may be heard in Department 10C of the above-entitled court, Plaintiff will move the Court for the following in limine order: that Defendants, their attorneys and any witnesses called by Defendants to testify at trial be precluded from introducing any evidence in the presence of the jury, whether testimonial or documentary, concerning any past lawsuits filed by Plaintiff and/or Plaintiff's non-profit organization, Los Angeles Community Action Network ("LA CAN").

Alternatively, Plaintiff requests that the Court issue an order requiring Defendant to make an offer of proof outside the presence of the jury and permit the Court to conduct a Federal Rule of Evidence § 104 hearing to determine whether the specific evidence sought to be introduced is proper.

The motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and upon such additional oral and/or documentary evidence as may be presented in reply to the opposition of Defendant, if any, and at the hearing on the motion.

This motion is made following the meet and confer of counsel in accord with L.R. 7-3 which took place on July 12, 2018.  The parties were unable to reach a stipulation as to the subject matter of this Motion in Limine.

Dated: July 17, 2018

                Respectfully submitted,

                LAW OFFICE OF CAROL A. SOBEL
                SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP

                By:   /s/ Monique Alarcon
                      Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Plaintiff alleges that his First Amendment rights to free speech and to be free from retaliation thereof were violated when Defendants unlawfully arrested him for recording police activity.  Specifically, Plaintiffs claims include violations of: (1) First Amendment, freedom of speech; (2) Retaliation in violation of the First Amendment; (3) Fourth Amendment, unlawful seizure; (4) Fourteenth Amendment, liberty deprivation; (5) Bane Act violation; (6) False Imprisonment; and (7) False Arrest.

At trial, Plaintiff anticipates that Defendants will offer irrelevant and highly prejudicial evidence regarding Plaintiff's prior lawsuits against the Defendant City, either in his individual capacity, or lawsuits associated with Plaintiff in his role as founder and Executive Director of CANGRESS, also known as Los Angeles Community Action Network ("LA CAN"), a non-profit organization on Los Angeles' Skid Row.  Such evidence is irrelevant and would only have the effect of inflaming the jury, confusing the issues, and would unfairly prejudice Plaintiff.  As a result, this Court should exclude evidence of past litigation.

## II.  EVIDENCE OF PRIOR LAWSUITS SHOULD BE EXCLUDED TO AVOID CONFUSING THE JURY AND UNFAIRLY PREJUDICING PLAINTIFF

It is a well-established principle of law that evidence tending to show that Plaintiff is a repeat litigator or that past lawsuits have been unsuccessful is both unduly confusing and prejudicial under Rule 403.

The potential to confuse the jury is particularly high where evidence of prior lawsuits involving the same parties is introduced. *See, Engquist v. Oregon Dept. of Agriculture*, 478 F.3d 985, (9th Cir. 2007), cert. granted, 128 S. Ct. 977 (2008) and aff'd, 128 S. Ct. 2146 (2008) (prior state court judgment in a similar law suit by a

co-worker of the plaintiff was relevant but it was properly excluded as unfairly prejudicial and confusing); *Warrillow v. Qualcomm, Inc.*, 268 Fed. Appx. 561, 563 (9th Cir. 2008) (finding that in a discrimination case, evidence of prior claims of discrimination by other employees was properly excluded because it would unfairly prejudice the defendant employer and would distract the jury from the real issues); *see also, Nelson v. City of Chicago*, 810 F.3d 1061, 1068 (7th Cir. 2016) (holding that it was reversible error to admit evidence of prior civil rights suit by Plaintiff); *McDonough v. City of Quincy*, 452 F.3d 8, 70 (1st Cir. 2006) (trial court did not abuse its discretion by excluding evidence of a prior lawsuit that the plaintiff filed against the defendant, when there was no proof that the prior lawsuit was fraudulent).

Here, the only hint of relevance that these prior lawsuits may provide is that in his role as an organizer in Skid Row, Plaintiff is often subjected to police action. Such marginal relevance is substantially outweighed by the danger of unfair prejudice to Plaintiff and the potential that evidence of prior lawsuits could mislead the jury. Specifically, the jury might misconstrue evidence of prior lawsuits and the outcomes as evidence that no First Amendment violation happened here or mistakenly conclude that the present jury should reach the same result as in previous jury trials. Because the marginal relevance of past litigation is substantially outweighed by the danger of unfair prejudice to Plaintiff, such evidence should be denied.

### III. EVIDENCE OF PRIOR LAWSUITS IS IRRELEVANT AND SHOULD BE EXCLUDED

Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not admissible." Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See Huddleston v. U.S.*, 485 U.S. 681, 682–92 (1988). The court has no discretion

1 to admit irrelevant evidence. *U.S. v. Dean*, 980 F.2d 1286, 1288–89 (9th Cir. 1992).

Defendants have indicated their intent to elicit discussion of past lawsuits by LA CAN and their outcomes at trial, through the testimony of Sergeant Kinney and others.  The Defendants explicitly stated in the meet and confer that past lawsuits will be used to imply that this litigation is frivolous and lacks merit. Such reasoning is nothing more than propensity evidence and has no bearing on a fact that is of consequence in this case.  The relevant facts are those that the occurred in the day in question, not those that occurred in prior litigation.

Not only is this reasoning impermissible, but it is also flawed because Plaintiff and LA CAN have been successful in a number of cases.  In fact, in a similar case, the Ninth Circuit held in favor of Plaintiff, finding that Cal. Penal Code § 403 (disturbing a public meeting) was unconstitutionally applied to Plaintiff's protesting activity on a public sidewalk.  *CPR for Skid Row v. City of Los Angeles*, 779 F.3d 1098, 1111 (9th Cir. 2015).  Significantly, in that case Plaintiff sought only injunctive relief to allow him to continue engaging in First Amendment activity.

The varying outcomes of past lawsuits associated with Plaintiff and LACAN demonstrate that these cases are irrelevant to the issues in the present case.  *See CANGRESS, et al. v. City of Los Angeles, et al.*, Case No. 08-01191 (jury verdict for Defendants in First Amendment case where Plaintiff and other LA CAN members were arrested for videotaping police activity on Skid Row); *Burton v. City of Los Angeles*, No. 09-8636 (stipulated dismissal after Defendant's motion to dismiss Plaintiffs' civil rights complaint for violations of free speech, assembly, and association was denied); *Richardson v. City of Los Angeles, et al.*, Case No. 10-02473, (jury verdict for Defendants in First Amendment case where LA CAN member was arrested while monitoring police activity); *CANGRESS, et al., v. City of Los Angeles, et al.*, No. 2:14-cv-01743 (granting summary judgment for

3

PLAINTIFF'S MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF PLAINTIFF'S AND HIS ORGANIZATION'S PAST LAWSUITS

Defendants on claims that the City was systemically intimidating and harassing LA CAN members).

Because LA CAN's purpose is community action and organizing, their conduct often involves First Amendment activity which has subjected the organization's members to repeated police action. Evidence of resulting civil rights suits and their differing outcomes has no probative value on any of the key issues in this case. As a result, the evidence must be excluded.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine No. 2 and exclude evidence of lawsuits filed by Plaintiff and/or Plaintiff's non-profit organization.

Dated: July 17, 2018

                     Respectfully submitted,

                     LAW OFFICE OF CAROL A. SOBEL
                     SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP

                     By:   /s/ Monique Alarcon
                            Attorney for Plaintiff