**CAROL A. SOBEL**, SBN 84483
**MONIQUE A. ALARCON,** SBN 311650
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

**PAUL HOFFMAN**, SBN 71244
**CATHERINE SWEETSER**, SBN 271142
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP**
11543 W. Olympic Boulevard
Los Angeles, CA 90010
(t) 310-396-0731
(f) 310-399-7040
(e) hoffpaul@aol.com
(e) csweetser@sshhlaw.com

*Attorneys for Plaintiff.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN "PETE" WHITE,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-3306-SJO-MRW<br><br>**PLAINTIFF'S MOTION IN LIMINE #3 TO EXCLUDE EVIDENCE OF DEFENDANTS' BODY-WORN CAMERA VIDEO RECORDING**<br><br>Date: August 21, 2018<br>Time: 9:00 a.m.<br>Dept.: 10C (Hon. S. James Otero)<br><br>*Complaint Filed: May 3, 2017* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on August 21, 2018 at 9:00 a.m., or as soon thereafter as the matter may be heard in Department 10C of the above-entitled court, Plaintiff will move the Court for the following in limine order: that all video recordings of Plaintiff's arrest be exchanged if it will be used at trial. Otherwise, the Defendants' body-worn camera video recordings are excluded because such videos were never produced in discovery.

Alternatively, Plaintiff requests that the Court issue an order requiring Defendant to make an offer of proof outside the presence of the jury and permit the Court to conduct a Federal Rule of Evidence § 104 hearing to determine whether the specific evidence sought to be introduced is proper.

The motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and upon such additional oral and/or documentary evidence as may be presented in reply to the opposition of Defendant, if any, and at the hearing on the motion.

This motion is made following the meet and confer of counsel in accord with L.R. 7-3 which took place on July 12, 2018. The parties were unable to reach a stipulation as to the subject matter of this Motion in Limine.

Dated: July 17, 2018

                Respectfully submitted,

                LAW OFFICE OF CAROL A. SOBEL
                SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP

                By:   /s/ Monique Alarcon
                        Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Plaintiff alleges that his First Amendment rights to free speech and to be free from retaliation thereof were violated when Defendants unlawfully arrested him for recording police activity.  Specifically, Plaintiffs claims include violations of: (1) First Amendment, freedom of speech; (2) Retaliation in violation of the First Amendment; (3) Fourth Amendment, unlawful seizure; (4) Fourteenth Amendment, liberty deprivation; (5) Bane Act violation; (6) False Imprisonment; and (7) False Arrest.

Both Plaintiff and Defendants have video recordings of the arrest at issue, each taken from different angles and by different individuals.  Neither side has produced their video, but both parties plan to introduce portions of the video recordings at trial.  Specifically, Plaintiff believes that Defendants will introduce the video recordings taken on body cameras worn by Defendant Sgt. Kinney, Officer Martinez, and two other Los Angeles Police Department ("LAPD") officers involved in Plaintiff's arrest.  Plaintiff believes that such video recordings are highly relevant, and even helpful to Plaintiff's prima facie case; however, such evidence was never produced.

Throughout the course of discovery, Defendants maintained that they would only produce body-worn camera video subject to a protective order because the recordings are somehow privileged.  This issue was first raised by Plaintiff in the parties' Joint Rule 16(B)/26(F) Report.  Plaintiff maintains that the video is not properly subject to a protective order and, consistent with the policy adopted by the Los Angeles Board of Police Commissioners, may not be withheld as privileged absent a vote by two members of the Commission and the Chief of Police that there is a reason to withhold any bodycam video from public release.

//

Now, in light of Defendants' indication that they plan to play their video recordings at trial, the Court should order both sides to exchange their video immediately to avoid further delay and allow both sides to adequately prepare based on the most reliable evidence in the case. Alternatively, the court should exclude Defendants' video recordings pursuant to Federal Rule of Civil Procedure 37(c) for failure to produce the videos during discovery.

## II. THE COURT SHOULD ORDER ALL PARTIES TO EXCHANGE THEIR VIDEO RECORDINGS IMMEDIATELY TO AVOID UNDUE DELAY

Defendants claim the City's Civil Liability section has a blanket policy requiring a protective order for all body-camera video taken by the LAPD. This policy is in direct conflict with the LAPD Police Commission's policy that requires public release of video evidence of critical incidents involving LAPD officers. *See* LAPD Department Manual Section1/420.55. Recent decisions from both state and federal courts similarly address and reject assertions that such footage is presumptively privileged from disclosure. *See City of Eureka v. Superior Court (Greenson)*, 1 Cal. App. 5th 755 (2016) and *Noble v. City of Fresno* 2017 U.S. Dist. LEXIS 194489 (E.D. Ca. 2017).

Plaintiff also has video recordings of the arrest that he intends to introduce at trial. Plaintiff has not produced his video, although Plaintiff has repeatedly offered to exchange video with Defendants, so long as the body-camera footage is not subject to a protective order. Neither party filed a motion to compel before the motion cut-off date, and neither side has been ordered to produce such evidence.

To the extent that there might have been any merit to Defendants' claim of privilege and the necessity for a protective order, that argument is fully eviscerated by showing evidence at a public trial. In light of Defendants' announced intent to play the video at trial, Plaintiff again offered to exchange relevant video exhibits before trial. Defendants still maintain that they will not agree to exchange video

evidence, unless Plaintiff agrees to a protective order. There is no reason to subject evidence of a public event to a protective order when that evidence will be introduced in a public trial. For these reasons, and because the video evidence is the most reliable evidence in the case, the Court should order both parties to produce their video before trial.

### III. ALTERNATIVELY, DEFENDANTS' BODY CAMERA FOOTAGE SHOULD BE EXCLUDED BECAUSE IT WAS NOT PRODUCED IN DISCOVERY

Evidence that was not produced in discovery, even if relevant, can be excluded pursuant to Federal Rule of Civil Procedure 37(c). *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) ("[I]n the absence of ["substantial justification"] the district court may validly exclude, as a discovery sanction, evidence not produced in discovery.").

Federal Rule of Civil Procedure 26(a) requires that all parties exchange certain evidence that is in their possession and is pertinent to the claims or defenses. Under Federal Rule of Civil Procedure 37(c)(1) "exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir.2008).

Moreover, federal courts support the exclusion of undisclosed evidence that the party later seeks to use in support of their case. *See Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843-44 (9th Cir. 1976) (court properly excluded additional documents not produced until the day before trial). *Assurance Co. of America v. National Fire & Marine Ins. Co.*, 595 Fed. Appx. 670, 672 (9th Cir. 2014) (finding that the court had discretion to exclude an exhibit that was not disclosed during discovery).

In the present matter, Defendant failed to provide Plaintiff with video recordings of three different officers' body-worn cameras. This Court hears oral

argument on motions in limine on the morning of the first day of trial. If the Court were to deny Plaintiff's present motion and permit Defendants to introduce their video, Plaintiff will have no opportunity to review and prepare questioning on relevant evidence in the case.

Not only does Rule 37(c) require exclusion, but so does Federal Rule of Evidence 403. Admitting Defendants' video on the morning of trial would unfairly prejudice Plaintiff because of the unfair surprise in the delayed disclosure. As a result, evidence of Defendants' body camera video should be excluded, unless both sides are ordered to produce their video immediately and simultaneously.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine No. 3 and order both parties to exchange their video recordings of the arrest. Alternatively, the court should exclude evidence of Defendants' body-worn camera video recordings.

Dated: July 17, 2018

                            Respectfully submitted,

                            LAW OFFICE OF CAROL A. SOBEL
                            SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP


                            By:   /s/ Monique Alarcon
                                  Attorney for Plaintiff