**CAROL A. SOBEL**, SBN 84483
**MONIQUE A. ALARCON,** SBN 311650
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

**PAUL HOFFMAN**, SBN 71244
**CATHERINE SWEETSER**, SBN 271142
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP**
11543 W. Olympic Boulevard
Los Angeles, CA 90010
(t) 310-396-0731
(f) 310-399-7040
(e) hoffpaul@aol.com
(e) csweetser@sshhlaw.com

*Attorneys for Plaintiff.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN "PETE" WHITE,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-3306-SJO-MRW<br><br>**PLAINTIFF'S MOTION IN LIMINE #4 TO EXCLUDE EVIDENCE OF PLAINTIFF CURSING FOLLOWING HIS ARREST**<br><br>Date: August 21, 2018<br>Time: 9:00 a.m.<br>Dept.: 10C (Hon. S. James Otero)<br><br>*Complaint Filed: May 3, 2017* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

  **NOTICE IS HEREBY GIVEN** that on August 21, 2018 at 9:00 a.m., or as soon thereafter as the matter may be heard in Department 10C of the above-entitled court, Plaintiff will move the Court for the following in limine order: that Defendants, their attorneys and any witnesses called by Defendants to testify at trial be precluded from introducing any evidence in the presence of the jury, whether testimonial or documentary, concerning Plaintiff cursing following his arrest.

  Alternatively, Plaintiff requests that the Court issue an order requiring Defendant to make an offer of proof outside the presence of the jury and permit the Court to conduct a Federal Rule of Evidence § 104 hearing to determine whether the specific evidence sought to be introduced is proper.

  The motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and upon such additional oral and/or documentary evidence as may be presented in reply to the opposition of Defendant, if any, and at the hearing on the motion.

  This motion is made following the meet and confer of counsel in accord with L.R. 7-3 which took place on July 12, 2018. The parties were unable to reach agreement as to the subject matter of this Motion in Limine.

Dated: July 17, 2018

        Respectfully submitted,

        LAW OFFICE OF CAROL A. SOBEL
        SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP


        By:  /s/ Monique Alarcon
           Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Plaintiff alleges that his First Amendment rights to free speech and to be free from retaliation thereof were violated when Defendants unlawfully arrested him for recording police activity.  Specifically, Plaintiffs claims include violations of: (1) First Amendment, freedom of speech; (2) Retaliation in violation of the First Amendment; (3) Fourth Amendment, unlawful seizure; (4) Fourteenth Amendment, liberty deprivation; (5) Bane Act violation; (6) False Imprisonment; and (7) False Arrest.

Both Plaintiff and Defendants have video recordings of the arrest at issue.  Despite the claims of privilege that require a protective order, Defendants intend to introduce their body camera video at trial.  Defendants intend to play the video recording of the arrest, and everything following the arrest.  The video footage following the arrest depicts Plaintiff being marched through the streets in handcuffs to LAPD's Central Station.  The video also depicts Plaintiff cursing at Sgt. Kinney for ordering his arrest.  Plaintiff anticipates that Defendants will offer the evidence of Plaintiff cursing for no reason other than to prejudice Plaintiff, and elicit testimony concerning curse words from their witnesses and from Plaintiff himself.  Defendants' counsel repeatedly elicited testimony at deposition about whether and what curse words were used.  Because cursing at police is undoubtedly protected speech and unrelated to the underlying arrest, the probative value of such evidence is minimal and is substantially outweighed by the danger of unfair prejudice to Plaintiff.

## II.  EVIDENCE OF PLAINTIFF CURSING AFTER HE WAS ARRESTED IS IRRELEVANT AND SHOULD BE EXCLUDED

Federal Rule of Evidence 402 states in pertinent part, "Irrelevant evidence is not admissible." Federal Rule of Evidence 401 provides that "evidence is relevant

if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See Huddleston v. U.S.*, 485 U.S. 681, 682–92 (1988).  The court has no discretion to admit irrelevant evidence. *U.S. v. Dean*, 980 F.2d 1286, 1288–89 (9th Cir. 1992).

In this First Amendment false-arrest case, Plaintiff's statements that were made after the arrest are irrelevant.  *Mackinney v. Nielsen,* 69 F.3d 1002, 1007 (9th Cir.1995) ("Ninth Circuit law … clearly establishes the right verbally to challenge the police," and "verbal protests [cannot] support an arrest under § 148"); *see also Velazquez v. City of Long Beach* 793 F.3d 1010, 1022 (9th Cir. 2015) ("The constitutional guarantee of free speech precludes criminalizing even strong expressions of frustration or dislike, whether directed at a law enforcement officer or someone else") citing *United States v. Poocha,* 259 F.3d 1077, 1082 (9th Cir. 2001); *Duran v. City of Douglas,* 904 F.2d 1372, 1378 (9th Cir. 1990).

Rather, the jury will have to decide whether Plaintiff's conduct leading up to the arrest was in violation of a lawful police order.  A violation of Cal. Penal Code § 148 requires that the criminal defendant "resist[ed], delay[ed], or obstruct[ed] a police officer in the lawful exercise of his duties." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005).  The jury must therefore make this determination based on the relevant evidence that occurred before the arrest.  Plaintiff's statements of profanity after his arrest are irrelevant and must be excluded.

### III. PURSUANT TO FED. R. EVID. 403, ALL EVIDENCE OF PLAINTIFF CURSING FOLLOWING HIS ARREST SHOULD BE EXCLUDED

The Federal Rules of Evidence clearly provide that this Court may exclude evidence when it is unfairly prejudicial. Specifically, relevant evidence may be excluded "if it's probative value is substantially outweighed by a danger of one or more of the following; unfair prejudice, confusing the issues, misleading the jury,

undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Assuming evidence of Plaintiff cursing after he was arrested is marginally relevant, such evidence is substantially outweighed by the danger of unfair prejudice and should be excluded. Defendants may posit that Plaintiff's physical conduct during the arrest and the walk to the police station is relevant to the charge of resisting arrest. Although conduct after an arrest is irrelevant to any element of § 148, even assuming it's relevancy, Plaintiff's statements expressing disdain for the officer's arresting him is substantially outweighed by the danger of unfair prejudice.

This is particularly prejudicial when Plaintiff's statements are protected speech. "California law ... gives citizens considerable latitude in confronting the police." *Mackinney,* 69 F.3d at 1007 (citing *People v. Wetzel,* 11 Cal.3d 104, 107–09, 113 Cal.Rptr. 32, 520 P.2d 416 (1974)). Furthermore, Section 148 does not "criminalize [ ] a person's failure to respond with alacrity to police orders." *People v. Quiroga,* 16 Cal.App.4th 961, 966, 20 Cal.Rptr.2d 446 (1993); *see also Mackinney,* 69 F.3d at 1008 (holding that plaintiff's "refus[al] to comply for a matter of seconds" with police officers' "order [ ] to stop writing on the sidewalk" was not a violation of Section 148). *Velazquez*, 793 F.3d at 1019.

Though protected, there is a high likelihood that a jury would be prejudiced towards a civil rights Plaintiff cursing at a police officer. Even a limiting instruction explaining that such conduct is protected would be ineffective once the jury hears Plaintiff cursing on the videotape. *See, e.g., United States v. Layton*, 767 F.2d 549, 551-56 (9th Cir. 1985) (an audiotape that had marginal probative value was properly excluded because it was highly inflammatory and unfairly prejudicial, and a limiting instruction would have been ineffective to overcome the improper impact of the tape).

//

Given the highly prejudicial nature of Plaintiff's statements, the Court should exclude such evidence. If the court deny's Plaintiff's Motion in Limine #3 and admits evidence of Defendants' body camera video, Plaintiff asks that the Court require Defendants to mute the audio of Plaintiff's statements once he is handcuffed. Specifically, Plaintiff's statement that Sergeant Kinney arrested him for videotaping and that he was a "piece of [expletive]" should excluded, as well as all of Plaintiff's statements following the arrest.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine No. 4 and exclude evidence of Plaintiff cursing after he was arrested.

Dated: July 17, 2018

                        Respectfully submitted,

                        LAW OFFICE OF CAROL A. SOBEL
                        SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP

                        By:   /s/ Monique Alarcon
                                  Attorney for Plaintiff