**CAROL A. SOBEL**, SBN 84483
**MONIQUE A. ALARCON,** SBN 311650
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

**PAUL HOFFMAN**, SBN 71244
**CATHERINE SWEETSER**, SBN 271142
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP**
11543 W. Olympic Boulevard
Los Angeles, CA 90010
(t) 310-396-0731
(f) 310-399-7040
(e) hoffpaul@aol.com
(e) csweetser@sshhlaw.com

*Attorneys for Plaintiff.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN "PETE" WHITE,<br><br>Plaintiff,<br>v.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>Defendants. | Case No.: 2:17-cv-3306-SJO-MRW<br><br>**DECLARATION OF CATHERINE SWEETSER IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE**<br><br>Trial Date: August 21, 2018<br>Time: 9:00 a.m.<br>Dept.: 10C (Hon. S. James Otero)<br><br>*Complaint Filed: May 3, 2017* |

# DECLARATION OF CATHERINE SWEETSER

I, Catherine Sweetser, declare as follows:

1. I am an attorney for the Plaintiff in this case, and can testify to the following of my own personal knowledge.

2. On July 12, 2018, Plaintiff's counsel and Defendants' counsel met and conferred about motions in limine.  Plaintiff outlined five potential motions they were considering bringing.  Defendants outlined four potential motions they were considering.

3. Plaintiffs and Defendants were unable to agree on exclusion of past arrests and convictions and past lawsuits.  Plaintiff outlined the past juvenile conviction of one witness and identified and discussed that witness with Defense counsel.  Defendants were unwilling to agree that juvenile convictions were irrelevant and unduly prejudicial in a civil case.

4. Plaintiff also discussed with Defendants the past arrests and lawsuits of Plaintiff and of his organization concerning First Amendment activity. Defendants took the position that these arrests and lawsuits should come in. Plaintiff's position is that they are irrelevant.

5. Plaintiff also discussed with Defendants the videos which Defendants are withholding.  Although these videos were taken on a public street at a time when Plaintiff was also videotaping, Defendants have taken the position that they cannot be produced without a protective order in place.

6. Plaintiff stated to Defendants that as trial exhibits will not be sealed or confidential, the parties should exchange video trial exhibits this week. Plaintiffs reiterated that although they did not believe a protective order was warranted as to the videos, they are ready to exchange the relevant videos whenever Defendants are.  Defendants confirmed that they intend to play video footage at trial and stated that they were not ready to commit to exchange video exhibits at this time.

1  7. Finally, Defendants stated that they believed Plaintiff's cursing was relevant as it illustrated "what the officers had to deal with." Plaintiff reiterated that swearing was protected speech and was irrelevant as it happened after the arrest.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2018, at Los Angeles, California.

_____
Catherine Sweetser