1  **CAROL A. SOBEL**, SBN 84483
2  **MONIQUE A. ALARCON,** SBN 311650
   **LAW OFFICE OF CAROL SOBEL**
3  725 Arizona Avenue, Suite 300
   Santa Monica, CA 90401
4  (t) 310-393-3055
5  (e) carolsobel@aol.com
6  (e) monique.alarcon8@gmail.com

7  **PAUL HOFFMAN**, SBN 71244
8  **CATHERINE SWEETSER**, SBN 271142
   **SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP**
9  11543 W. Olympic Boulevard
10 Los Angeles, CA 90010
   (t) 310-396-0731
11 (f) 310-399-7040
12 (e) hoffpaul@aol.com
13 (e) csweetser@sshhlaw.com

14 Attorneys for Plaintiff

15
                 **UNITED STATES DISTRICT COURT**
16             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
17

18 | DARREN "PETE" WHITE, | Case No.: 2:17-cv-3306-SJO-MRW |
19 | | |
20 | Plaintiff, | **PLAINTIFF'S REPLY RE. MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE OF PAST ARRESTS AND CONVICTIONS OF PLAINTIFF AND HIS WITNESSES** |
21 | v. | |
22 | CITY OF LOS ANGELES, ET AL., | |
23 | | |
24 | Defendants. | Date: August 21, 2018 |
25 | | Time: 8:30 a.m. |
   | | Dept.: 10C (Hon. S. James Otero) |
26
27
28

1
PLAINTIFF'S REPLY RE. MOTION IN LIMINE #1

## I. DEFENDANTS OFFER NO BASIS TO ADMIT EVIDENCE OF PRIOR ARRESTS

In opposing Plaintiff's motion, Defendants' cite one case, *Saunders v. City of City of Chicago*, 320 F Supp. 2d 735, 738 (N.D. Ill. 2004). In *Saunders*, the district court denied Plaintiff's motion in limine, finding that evidence of plaintiff's felony and misdemeanor convictions were admissible to impeach. Defendants' reliance on this case is misplaced because, as explained below, Plaintiff has never been convicted of a crime.

With respect to Plaintiff's past arrests that did not result in a conviction, Defendants argue evidence of past arrests is admissible to prove bias under Fed. R. Evid. 404(b). Defendants rely on Rule 404(b), without more, and ignore the Ninth Circuit's test for admitting "other act" evidence.

> "[O]ther act" evidence is admissible under Rule 404(b) if the following test is satisfied: (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged. Even if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

*Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000) (internal citations omitted).

Here, evidence of Plaintiff's past arrests is not admissible under Rule 404(b). Plaintiff has suffered two past arrests and, in both instances, charges were never filed. Moreover, in the prior instance, the Ninth Circuit ruled that the LAPD unconstitutionally applied California Penal Code § 147 to Plaintiff's protected expression. *See CPR for Skid Row v. City of Los Angeles*, 779 F.3d 1038 (9th Cir.

2015). The same is true for the underlying arrest in this case. This alone negates the first factor of the Ninth Circuit's test for admitting "other act" evidence.

Nor can evidence of Plaintiff's past arrests prove that he likely engaged in unlawful conduct in this instance. *See Michelson v. United States*, 335 U.S. 469, 482 (1948) ("Arrest without more does not . . . impeach the integrity or impair the creditability of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness."). For this reason, Plaintiff's prior arrests are inadmissible under Rule 404(b).[1]

Even assuming these past arrests could somehow be admissible for the reasons Defendants proffer, Rule 403 weighs strongly in favor of exclusion. Defendants make clear that they intend to characterize Plaintiff and LA CAN as an "organization premised upon the dislike and disrespect of the Los Angeles Police Department." Deft. Opp'n at 6. First, Plaintiff takes issue with this characterization of their community organization, as its mission is "to help people dealing with poverty create & discover opportunities, while serving as a vehicle to ensure [they] have voice, power & opinion in the decisions that are directly affecting [the community]."[2] LA CAN is an organization that monitors police interaction to prevent disrespect and harassment of community members by the police. Rather than disparage this community action, the City of Los Angeles should welcome peaceful documentation and monitoring.

However, Defendants are able to present their bias arguments without relying on prejudicial evidence of Plaintiff's past arrests. Plaintiffs have not moved to exclude Sergeant Kinney from expressing his views concerning LA

---

[1] If Defendants are permitted to introduce past arrests for any reason, Plaintiff must be allowed to introduce evidence that the court found that he was wrongfully arrested.

[2] http://cangress.org/about-us/mission-statement-vision/

3

PLAINTIFF'S REPLY RE. MOTION IN LIMINE #1

CAN.  Any additional evidence of bias shown by Plaintiff's past arrests is substantially outweighed by the danger of unfair prejudice to Plaintiff.  The evidence must be excluded.

## II. PLAINTIFF'S EMOTIONAL DISTRESS IS NOT AT ISSUE IN THIS CASE

Defendants argue that evidence of past arrests should be admitted because it is relevant to Plaintiff's damages for emotional distress.  Once again, Defendants raise no authority to support their position.  Defendants claim the jury should hear about Plaintiff's prior experience of being arrested in order to assess emotional distress damages.  Plaintiff is not, however, seeking emotional distress damages in this case.  Plaintiff is seeking presumed damages for the wrongful arrest that violated his civil liberties.  Because Plaintiff's mental state is not at issue, the jury does not need to hear about his past experience in order to assess damages.  *See, e.g., Peraza v. Delameter*, 519 F.2d 44, 46 (9th Cir. 1984) (holding that evidence of plaintiff's subsequent encounters with the police were relevant to plaintiff's claim for damages where the complaint sought injuries for plaintiff's 'head, body and *psyche*') (emphasis added).

## III. DEFENDANTS IGNORE CLEAR AUTHORITY THAT JUVENILE CONVICTIONS ARE INADMISSIBLE IN A CIVIL CASE

Although Defendant's recite most of Rule 609, they ignore the very clear limitations provided by the rule.  As stated in Plaintiff's motion, evidence of juvenile convictions are patently inadmissible in a civil case. Fed. R. Evid. 609(d); *Powell v. Levit*, 640 F.2d 239, 241 (9th Cir. 1981).  As a result, the juvenile conviction of Plaintiff's witness decades ago must be excluded.

At the same time, Defendants propose to admit evidence of Plaintiff's alleged convictions.  They provide no factual basis for the Court to rule on, nor could they, because not one of Plaintiff's arrests resulted in a prosecution, let alone a conviction.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine No. 1 in its entirety.

Dated: August 6, 2018

                    Respectfully submitted,

                    LAW OFFICE OF CAROL A. SOBEL
                    SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP

                    By:   /s/ Monique Alarcon
                            Attorney for Plaintiff