**CAROL A. SOBEL**, SBN 84483
**MONIQUE A. ALARCON,** SBN 311650
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

**PAUL HOFFMAN**, SBN 71244
**CATHERINE SWEETSER**, SBN 271142
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP**
11543 W. Olympic Boulevard
Los Angeles, CA 90010
(t) 310-396-0731
(f) 310-399-7040
(e) hoffpaul@aol.com
(e) csweetser@sshhlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN "PETE" WHITE,<br><br>          Plaintiff,<br>     v.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>          Defendants. | Case No.: 2:17-cv-3306-SJO-MRW<br><br>**PLAINTIFF'S REPLY RE. MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF PLAINTIFF'S AND HIS ORGANIZATION'S PAST LAWSUITS**<br><br>Date: August 21, 2018<br>Time: 8:30 a.m.<br>Dept.: 10C (Hon. S. James Otero) |

## I. DEFENDANTS PROVIDE NO AUTHORITY THAT EVIDENCE OF PRIOR LITIGATION BROUGHT BY PLAINTIFF AND HIS ORGANIZATION ARE ADMISSIBLE

Defendants oppose Plaintiff's motion to exclude evidence of prior litigation on fairness grounds. Fairness is not the standard for admitting evidence. Evidence must first meet the relevance requirement under Fed. R. Evid. 401.

As stated in Plaintiff's motion, past litigation involving Plaintiff and LA CAN have resulted in various outcomes. Defendants intend to highlight two of Plaintiff's past "losses" as relevant to his claim that the Los Angeles Police Department has a policy and practice of violating First Amendment rights of those who film the policy. Defendants' conclusory argument has no basis in law and is essentially propensity evidence, barred by Rule 404.

Even when weighing fairness under Fed. R. Evid. 403, Defendants argument fails. The inquiry under Rule 403 is not whether evidence should be admitted in fairness, but whether fairness dictates that the evidence be *excluded* when its probative value is substantially outweighed by the danger of unfair prejudice. Thus, fairness dictates just the opposite of what Defendants argue. Plaintiff does not intend to bring in evidence of past lawsuits against the Los Angeles Police Department where it has arrested other citizen journalists from videotaping, unless Defendants open the door to doing so. To allow Defendants to bring in evidence of past lawsuits would needlessly complicate the trial.

## II. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine No. 2 in its entirety.

Dated: August 6, 2018      Respectfully submitted,

        LAW OFFICE OF CAROL A. SOBEL
        SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP

        By:   /s/ Monique Alarcon
             Attorney for Plaintiff