**CAROL A. SOBEL**, SBN 84483
**MONIQUE A. ALARCON,** SBN 311650
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

**PAUL HOFFMAN**, SBN 71244
**CATHERINE SWEETSER**, SBN 271142
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP**
11543 W. Olympic Boulevard
Los Angeles, CA 90010
(t) 310-396-0731
(f) 310-399-7040
(e) hoffpaul@aol.com
(e) csweetser@sshhlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN "PETE" WHITE,<br><br>Plaintiff,<br>v.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>Defendants. | Case No.: 2:17-cv-3306-SJO-MRW<br><br>**PLAINTIFF'S REPLY RE. MOTION IN LIMINE #3 TO EXCLUDE EVIDENCE OF DEFENDANTS' BODY-WORN CAMERA VIDEO RECORDING**<br><br>Date: August 21, 2018<br>Time: 8:30 a.m.<br>Dept.: 10C (Hon. S. James Otero) |

1
PLAINTIFF'S REPLY RE. MOTION IN LIMINE #3

## I. DEFENDANTS' BLANKET POLICY REQUIRING A PROTECTIVE ORDER FOR ALL BODY-WORN CAMERA VIDEO RECORDINGS IS UNSUPPORTED BY ANY AUTHORITY

Defendants cite no authority to support their contention that the body camera recordings are privileged and involve privacy rights. Instead, they only proffer that it is Defendants' "standard operating procedure" to require that a party seeking discoverable material enter into a protective order.

Defendants' litigation practice is fundamentally at odds with the Federal Court's strong presumption in favor of public access in civil cases, even where the parties themselves agree to a protective order. *See* L.R. 79-5.2.2 (b)(i); *Phillips ex re. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (ordering the district court on remand to conduct a "good cause" analysis of a parties' stipulated protective order). Certainly, video recording taken on a public street, with numerous individuals standing by to watch, and involving the same incident that Plaintiff also filmed and intends to show in a public trial, is not the sort of information the Federal Court seeks to withhold from the public.

In addition, Defendants' blanket policy is far more restrictive than the LAPD Police Commission's policy enacted earlier this year. In March, after considerable public protest and objection to the LAPD's policy of withholding all bodycam video, the Board of Police Commissioners adopted a new policy, which seeks to promote public transparency, and which Plaintiff has repeatedly referred Defendants to.[1] Defendants take the position that the Police Commission policy only addressed the presumptive public disclosure of "critical incident" body-worn and dashcam video. It is illogical to conclude that "critical incident" LAPD video must be released to the public within 45 days, but that non-critical incident video is somehow entitled to a higher protection.

---

[1] http://www.lapdonline.org/home/news_view/63555

1      Plaintiff is aware that LAPD officers engaged in "less lethal" use of force
2 during the arrest of the homeless individual on 6th Street on June 14, 2016.
3 Following the use of force, the individual was taken away by ambulance.  Plaintiff
4 is also aware that Officer Martinez was involved in arrest of the homeless
5 individual on June 14, 2016 and that Officer Martinez was recently found liable by
6 a civil jury for using an unreasonable amount of force during the highly-publicized
7 shooting death of a homeless individual who was forcibly removed from his tent in
8 Skid Row in 2015.  This use of force that resulted in the hospitalization of an
9 individual, and subsequent arrest of Plaintiff, is a "critical incident" that requires
10 disclosure.
11      Incredibly, Defendants make contend that the City Attorney's standard
12 policy requiring a protective order for LAPD officer recordings supersedes the
13 Police Commission's policy.  Not only is this argument untenable since the Police
14 Commission, not the City Attorney, sets policy on this matter.  Equally
15 importantly, it undermines the Federal Court's role in ensuring public access in
16 civil cases.  Defendants' patent refusal to release relevant evidence in litigation
17 without a protective order is contrary to public policy.

## II. DEFENDANTS CONTINUE TO WITHHOLD THEIR BODY-WORN CAMERA VIDEO RECORDINGS, DESPITE DEFENDANTS' INTENT TO PLAY THE RECORDINGS AT TRIAL

21      Defendants continue to make inaccurate representations that they will not
22 use their video recordings at trial.  When meeting and conferring on the motions in
23 limine, Defendants represented to Plaintiff that they intended to introduce their
24 video recordings at trial.  Later, when exchanging exhibit lists, Defendants omitted
25 their video recordings.  Now, in opposing this motion, Defendants submit that they
26 in fact intend to play their video recordings at trial, but plan to back door the
27 videos into evidence by claiming to use them for impeachment.  This is improper
28 impeachment.

In *Urooj v. Holder*, 734 F.3d 1075, 1078–79 (9th Cir. 2013), the Ninth Circuit held that an immigration judge erred in admitting the government's documents as "impeachment evidence," thereby exempting it from the advance disclosure requirement.  There, the immigration judge erroneously allowed the government to use the impeachment evidence to prove the facts in dispute, without first producing the evidence to the asylum seeking detainee.  *Id.* Here, as in *Urooj*, Defendants are seeking to "improperly conflate[] impeachment evidence with substantive evidence." *Id*.

The body-worn camera video recordings at issue are direct evidence of Plaintiff's claims.  Defendants identified the video recordings in their initial disclosures, Plaintiff requested the video during discovery, and Defendant Kinney identified the video recordings as evidence of Plaintiff's arrest in the arrest report.  Defendants cannot be permitted to sandbag Plaintiff without first providing the video to Plaintiff.

Allowing Defendants to classify the evidence as impeachment material would constitute an unfair surprise. *Varga v. Rockwell Intern Corp.*, 242 F.3d 693, 697 (6th Cir. 2001) ("A party may not, under any circumstances, hold back materials responsive to a proper discovery request because it prefers to use the evidence as surprise impeachment evidence at trial."). Now, Defendants should either provide Plaintiff with the video recordings or it must be excluded.

### III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine No. 3 in its entirety.

Dated: August 6, 2018      Respectfully submitted,

                LAW OFFICE OF CAROL A. SOBEL
                SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP

                By:___/s/ Monique Alarcon_____
                      Attorney for Plaintiff