**CAROL A. SOBEL**, SBN 84483
**MONIQUE A. ALARCON,** SBN 311650
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

**PAUL HOFFMAN**, SBN 71244
**CATHERINE SWEETSER**, SBN 271142
**SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP**
11543 W. Olympic Boulevard
Los Angeles, CA 90010
(t) 310-396-0731
(f) 310-399-7040
(e) hoffpaul@aol.com
(e) csweetser@sshhlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN "PETE" WHITE,<br><br>Plaintiff,<br>v.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>Defendants. | Case No.: 2:17-cv-3306-SJO-MRW<br><br>**PLAINTIFF'S REPLY RE. MOTION IN LIMINE #4 TO EXCLUDE EVIDENCE OF PLAINTIFF CURSING FOLLOWING HIS ARREST**<br><br>Date: August 21, 2018<br>Time: 8:30 a.m.<br>Dept.: 10C (Hon. S. James Otero) |

1
PLAINTIFF'S REPLY RE. MOTION IN LIMINE #4

## I. DEFENDANTS' PROFFERED RELEVANCE GROUNDS HAVE NO TENDENCY TO MAKE AN ESSENTIAL FACT MORE OR LESS PROBABLE

Defendants set forth a number of reasons for why evidence of Plaintiff cursing after he was arrested is relevant. Defendants argue that Plaintiff's post-arrest cursing is relevant to: (1) Plaintiff's damages for being perp walked to the station and the prolonged detention; (2) "show the jury a complete picture of how the police handled the incident and what they had to deal with;" and (3) show the jury that Plaintiff was not a "good guy" and "champion of justice" compared to the police officers who acted calm and professionally. Deft. Opp'n at 5.

Despite these many arguments, Defendants cite no authority to support their position, nor could they because Plaintiff's speech is fully protected by the First Amendment. *Mackinney v. Nielsen,* 69 F.3d 1002, 1007 (9th Cir.1995) ("Ninth Circuit law … clearly establishes the right verbally to challenge the police," and "verbal protests [cannot] support an arrest under § 148"); *see also Velazquez v. City of Long Beach* 793 F.3d 1010, 1022 (9th Cir. 2015) ("The constitutional guarantee of free speech precludes criminalizing even strong expressions of frustration or dislike, whether directed at a law enforcement officer or someone else") citing *United States v. Poocha,* 259 F.3d 1077, 1082 (9th Cir. 2001); *Duran v. City of Douglas,* 904 F.2d 1372, 1378 (9th Cir. 1990).

Plaintiff's use of profanity after his arrest, is simply irrelevant to any of Plaintiff's claims. While Plaintiff is in fact claiming damages for the wrongful arrest and prolonged detention, including being paraded through the streets in handcuffs while he was walked to the police station, it is not necessary for the jury to hear what Plaintiff shouted after the arrest in order to assess liability or damages. Plaintiff is not seeking that all post-arrest video be excluded, only that the audio be redacted to properly exclude Plaintiff cursing.

Rather than make the argument for relevance, Defendants' reasoning that the jury should compare Plaintiff's post-arrest conduct to that of the police officers

demonstrates precisely why evidence of Plaintiff cursing must be excluded pursuant to Rule 403. The police arrested and handcuffed Plaintiff, not vice versa. Nonetheless, the video recordings show that Plaintiff was fully cooperative during and after the arrest. The frustration that he voiced is protected by the First Amendment. When directed at a police officer, however, a jury is likely to disregard the First Amendment, even with a limiting instruction, and find that Plaintiff's post-arrest cursing justified the prior wrongful arrest. Plaintiff's use of profanity provides absolutely no probative value to any essential fact. The danger of unfair prejudice, however, is significant.

## II. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine No. 4 in its entirety.

Dated: August 6, 2018

                      Respectfully submitted,

                      LAW OFFICE OF CAROL A. SOBEL
                      SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP

                      By:    /s/ Monique Alarcon
                            Attorney for Plaintiff