**CAROL A. SOBEL**, SBN 84483
**MONIQUE A. ALARCON,** SBN 311650
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

**PAUL HOFFMAN**, SBN 71244
**CATHERINE SWEETSER**, SBN 271142
**SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP**
11543 W. Olympic Boulevard
Los Angeles, CA 90064
(t) 310-396-0731
(f) 310-399-7040
(e) hoffpaul@aol.com
(e) csweetser@sshhlaw.com

*Attorneys for Plaintiff,*
*DARREN "PETE" WHITE.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN "PETE" WHITE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>Defendants. | Case No.: 2:17-cv-3306-SJO-MRW<br><br>**PLAINTIFF'S DISPUTED [PROPOSED] JURY INSTRUCTIONS[1] AND [PROPOSED] SPECIAL VERDICT FORM**<br><br>Date: August 21, 2018<br>Time: 9:00 a.m.<br>Dept.: 10C (Hon. S. James Otero)<br><br>*Complaint filed: May 3, 2017* |

---

[1] Plaintiffs met and conferred with Defendants about the instructions on August 3, 2018, and understand that Defendants have objections to these instructions. Due to Defense Counsel's illness, Plaintiff has not received the objections to these instructions as yet. Plaintiff reserves the right to reply to any objections and to object to any proposed alternative instructions. Defendants did not propose any special instructions and thus all instructions herein are proposed by Plaintiffs.

# **TABLE OF CONTENTS**

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | Particular Rights – First Amendment– Citizen Plaintiff | Ninth Circuit Model Instruction 9.11 | 1 |
| 2 | Particular Rights – Fourth Amendment – Unreasonable Seizure | Ninth Circuit Model Instruction 9.20 | 3 |
| 3 | Credibility of Law Enforcement Officers as Witnesses | *Paine v. City of Lompoc,* 160 F.3d 562, 565 (9th Cir. 1988) | 5 |
| 4 | California Penal Code §853.6 | *Foster v. City of Oakland*, 675 F. Supp. 2d 992 (N.D. Cal. 2009) | 6 |
| 5 | Penal Code §148 | *People v. Quiroga*, 16 Cal. App. 4th 961, 966 (1993); *Mackinney v. Nielsen*, 69 F.3d 1002, 1007 (9th Cir. 1995) | 7 |
| 6 | 9.2 Causation [Modified] | *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) | 8 |
| 7 | BAJI 7.90 | CACI 1407 | 9 |
| 8 | False Imprisonment | CACI 1407 | 10 |
| 9 | Arrest Without a Warrant By a Peace Officer | CACI 1401 | 11 |
| 10 | Causation—Substantial Factor | CACI 430 | 12 |
| 11 | Monell Instruction- Failure to train | Ninth Circuit Model Instruction 9.8 | 13 |
| 12 | Monell Instruction- Custom, Policy, or Practice | Ninth Circuit Model Instruction 9.5 | 16 |

i

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 13 | [Proposed] Special Verdict Form | | 17-21 |

COURT'S INSTRUCTION NUMBER _____

**NINTH CIRCUIT MODEL INSTRUCTION 9.11**

**PARTICULAR RIGHTS – FIRST AMENDMENT—CITIZEN PLAINTIFF**

As previously explained, the plaintiff has the burden of proving that the acts of the defendant EDWARD KINNEY deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution when he arrested plaintiff as he engaged in speech concerning police action in Skid Row and was videotaping the police, and held him for longer than it took him to be booked.

Under the First Amendment, a citizen has the right to free expression, including expression critical of government employees, and the right to videotape the police.

In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff was engaged in a constitutionally protected activity;

2. the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3. the plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct.

//
//
//
//
//

1

I instruct you that the plaintiff's <u>speech in this case about police action in the Skid Row community and his videotaping of the police</u> was protected under the First Amendment and, therefore, the first element requires no proof.

A substantial or motivating factor is a significant factor.

<u>Authority</u>:  Ninth Circuit Model Instruction 9.11, with a description of conduct in this case as required by the instruction.

COURT'S INSTRUCTION NUMBER ____

### NINTH CIRCUIT MODEL INSTRUCTION 9.20
### PARTICULAR RIGHTS – FOURTH AMENDMENT—UNREASONABLE SEIZURE

As previously explained, the plaintiff has the burden of proving that the acts of the defendant, Edward Kinney, deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the Fourth Amendment to the Constitution when he was <u>seized and arrested due to his videotaping and due to his speaking out against police misconduct</u>.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the defendants deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Edward Kinney seized the plaintiff's person;

2. in seizing the plaintiff's person, Edward Kinney acted intentionally; and

3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force or a show of authority.

//
//
//
//
//
//
//

3

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Therefore, the plaintiff must prove that the defendant intended <u>to seize him</u>.  It is not enough to prove that the defendant negligently or accidentally engaged in that action.  But while the plaintiff must prove that the defendant intended to act, the plaintiff need not prove that the defendant intended to violate the plaintiff's Fourth Amendment rights.

<u>Authority</u>:  Ninth Circuit Model Instruction 9.20, with a description of conduct in this case as required by the instruction.

COURT'S INSTRUCTION NUMBER _____

**PLAINTIFF'S SPECIAL INSTRUCTION NO. 1 RE: CREDIBILITY OF LAW ENFORCEMENT OFFICERS AS WITNESSES**

You should consider the testimony of a law enforcement officer just as you would consider any other evidence in this case, and in evaluating an officer's credibility, you should use the same guidelines which you apply to the testimony of any witness.  You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

Authority:  *Paine v. City of Lompoc*, 160 F.3d 562, 565 (9th Cir. 1988) (plain instructions by the judge not to accord extra deference to police were proper in police brutality case).

COURT'S INSTRUCTION NUMBER _____

## PLAINTIFF'S SPECIAL INSTRUCTION NO. 2: §853.6

Plaintiff alleges that Defendants arrested him in violation of his rights under the Fourteenth Amendment because the arrest was in violation of state law.  To show that Plaintiff was wrongfully arrested, he must prove the following:

1. He was arrested and charged with a misdemeanor, not a felony.
2. He had identification on him that day.
3. Defendant Kinney and Defendant City of Los Angeles held him in violation of state law.

Authority: California Penal Code §853.6; *Foster v. City of Oakland*, 675 F. Supp. 2d 992 (N.D. Cal. 2009) (allowing claims concerning a failure to release for a misdemeanor to proceed).

COURT'S INSTRUCTION NUMBER _____

**PLAINTIFF'S SPECIAL INSTRUCTION NO. 3: §148**

Mere delay in complying with a police order is not a violation of California Penal Code §148. Nor do verbal protests violate Penal Code §148. Finally, a refusal to cooperate with police officers cannot create adequate grounds for an arrest without more.

<u>Authority</u>: California Penal Code §148; *People v. Quiroga*, 16 Cal. App. 4th 961, 966 (1993); *Mackinney v. Nielsen*, 69 F.3d 1002, 1007 (9th Cir. 1995) (citing *People v. Wetzel*, 11 Cal. 3d 103 (1974) and noting that even a citizen taking up a position directly in officer's way and obstructing them from entering her apartment did not constitute a violation of PC §148). The court in Mackinney noted that "it is well-established under California law that even an outright refusal to cooperate with police officers cannot create adequate grounds for [police] intrusion without more." *Mackinney*, 69 F.3d at 1006.

COURT'S INSTRUCTION NUMBER _____

## 9.2 CAUSATION [MODIFIED]

In order to establish that the acts or failure to act of a defendant Edward Kinney deprived the plaintiff of his rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

Many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may cause the ultimate injury.

A defendant can deprive a person of rights by his or her own conduct, or by setting in motion the violation of rights by others that causes injury.

Authority: *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (a Defendant is liable not only for violations of rights he caused by his own conduct but also for violations of rights by others which he set in motion).

COURT'S INSTRUCTION NUMBER _____

## BAJI 7.90—CALIFORNIA CIVIL RIGHTS VIOLATION ("BANE ACT," CAL CIVIL CODE §52.1(A) & (B) [MODIFIED]

Plaintiff also seeks to recover damages against all defendants for a violation of civil rights pursuant to California Civil Code §52.1. Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence against each defendant:

1. The Defendant intentionally interfered or attempted to interfere by threat, intimidation, or coercion with the exercise or enjoyment by plaintiff DARREN WHITE of the right to be free from arrest without probable cause, from the ability to exercise his first amendment rights, or of the right to due process.

2. The interference, or attempted interference, caused plaintiff DARREN WHITE to suffer injury, damage, loss, or harm.

Authority: The instruction tracks the plain text of California Civil Code §52.1, which states that the law has been violated when "a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state."

1  COURT'S INSTRUCTION NUMBER ____

2

3                              **CACI 1407:**

4                       **FALSE IMPRISONMENT**

5

6          Plaintiff DARREN WHITE claims that he was wrongfully held in custody by

7  Defendant Kinney and Defendant City of Los Angeles.    In order to prevail on this

8  claim, Plaintiff must prove the following:

9              1.  That Defendant City of Los Angeles and/or Defendant Kinney held

10                 Plaintiff White in custody.

11             2.  Plaintiff White should not have been held in custody at all, or there

12                 was an unnecessary delay in releasing the plaintiff;

13             3.  Plaintiff White did not consent to be held or to the delay;

14             4.  Plaintiff White was harmed; and

15             5.  Defendant City of Los Angeles and/or Defendant Kinney's conduct

16                 was a substantial factor in causing the harm.

17

18

19  Authority: CACI 1407 (modified slightly to reflect that there is a claim that the

20  Plaintiff should not have been held in custody at all).

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER _____

**CACI 1401:**

**ARREST WITHOUT A WARRANT BY A PEACE OFFICER**

Plaintiff DARREN WHITE contends that Defendants EDWARD KINNEY and the CITY OF LOS ANGELES wrongfully arrested the plaintiff.  To prove this claim, Plaintiff must prove the following:

      1.  Defendant Kinney and the City of Los Angeles arrested the plaintiff without a warrant;

      2.  That Plaintiff White was actually harmed; and

      3.  That Defendants' conduct was a substantial factor in causing the harm.

Authority: CACI 1401 (unmodified).

COURT'S INSTRUCTION NUMBER \_\_\_\_

**CACI 430:**

**CAUSATION—SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Authority: CACI 430 (unmodified)

COURT'S INSTRUCTION NUMBER _____

## NINTH CIRCUIT MODEL JURY INSTRUCTION 9.8
## FAILURE TO TRAIN

In order to prevail on his § 1983 claim against defendant City of Los Angeles alleging liability based on a policy of a failure to train its police officers, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     the acts of the City of Los Angeles' police officers deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

2.     the City of Los Angeles' police officers acted under color of state law;

3.     the training and policies of the defendant City of Los Angeles were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.     the defendant City of Los Angeles was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately; and

5.     the failure of the defendant City of Los Angeles to provide adequate training caused the deprivation of the plaintiff's rights by Defendant Edward Kinney, by officers Martinez and Curtis, and by other employees that arrested and held the Plaintiff; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

//

//

//

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Defendant Edward Kinney acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.  A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations.  To establish that there is a policy based on a failure to preserve constitutional rights, the plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to the plaintiff's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  The plaintiff may prove deliberate indifference in this case by showing that the defendant City of Los Angeles knew its failure to train adequately made it highly predictable that its police officers would engage in conduct that would deprive persons such as the plaintiff of his rights.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction[s] [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Ninth Circuit Model Instruction 9.8 (unmodified)

COURT'S INSTRUCTION NUMBER _____

**NINTH CIRCUIT MODEL JURY INSTRUCTION 9.5**
**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY**
**DEFENDANTS BASED ON UNLAWFUL OFFICIAL POLICY, PRACTICE,**
**OR CUSTOM—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on [his] [her] § 1983 claim against defendant [_name of local governing body_] alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  DEFENDANT EDWARD KINNEY AND OFFICERS MARTINEZ AND CURTIS acted under color of state law;

2.  the acts of DEFENDANT EDWARD KINNEY AND OFFICERS MARTINEZ AND CURTIS deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

3.  DEFENDANT EDWARD KINNEY AND OFFICERS MARTINEZ AND CURTIS acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant City of Los Angeles; and

4.  the defendant CITY OF LOS ANGELES's official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the DEFENDANT EDWARD KINNEY AND OFFICERS MARTINEZ AND CURTIS; that is, the CITY OF LOS ANGELES's official policy or widespread or longstanding practice or custom is so closely

related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that DEFENDANT EDWARD KINNEY acted under color of state law.

"Official policy" means a formal policy, such as a rule or regulation adopted by the Defendant CITY OF LOS ANGELES, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant CITY OF LOS ANGELES.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements [he] [she] is required to prove under Instruction[s] [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Ninth Circuit Model Instruction 9.5 (unmodified).

## PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM

We the jury in the above-entitled case find as follows:

**Question 1**.  Did Plaintiff prove that it is more likely than not that Defendant Edward Kinney violated Plaintiff Darren White's constitutional rights under the First Amendment and/or the California Constitution Art I §2?

YES _____          NO _____

*Please proceed to Question 2.*

**Question 2.**   Did Plaintiff prove that it is more likely than not that Defendant City of Los Angeles violated Plaintiff Darren White's constitutional rights under the First Amendment and/or the California Constitution Art I §2?

YES _____          NO _____

*Please proceed to Question 3.*

**Question 3**.  Did Plaintiff prove that it is more likely than not that Defendant Edward Kinney violated Plaintiff Darren White's constitutional rights under the Fourth Amendment?

YES _____          NO _____

*Please proceed to Question 4.*

*//*

17

**Question 4.**  Did Plaintiff prove that it is more likely than not that Defendant City of Los Angeles violated Plaintiff Darren White's constitutional rights under the Fourth Amendment?

YES _____          NO _____

*Please proceed to Question 5.*

**Question 5**.

Did Plaintiff prove that it is more likely than not that Defendant Edward Kinney violated Plaintiff Darren White's constitutional rights under the Fourteenth Amendment?

YES _____          NO _____

*Please proceed to Question 6.*

**Question 6**.  Did Plaintiff prove that it is more likely than not that Defendant City of Los Angeles violated Plaintiff Darren White's constitutional rights under the Fourteenth Amendment?

YES _____          NO _____

*Please proceed to Question 7.*

*//*

*//*

*//*

*//*

*//*

**Question 7**.  Did Plaintiff prove that Defendant Edward Kinney violated his right to be released in a timely fashion under Penal Code §853.6 and under the California Constitution Article I §7?

YES _____          NO _____

*Please proceed to Question 8.*

**Question 8**. Did Plaintiff prove that Defendant City of Los Angeles violated his right to be released in a timely fashion under Penal Code §853.6 and under the California Constitution Article I §7?

YES _____          NO _____

*Please proceed to Question 9.*

**Question 9.** Did Plaintiff prove that it is more likely than not that Defendant Edward Kinney used threats, intimidation, or coercion to interfere with Plaintiff's exercise of his rights?

YES _____          NO _____

*Please proceed to Question 10.*

//
//
//

**Question 10**. Did Plaintiff prove that it is more likely than not that Defendant Edward Kinney arrested Plaintiff without a warrant or probable cause?

YES _____          NO _____

*Please proceed to Question 11.*

**Question 11.**  Did Plaintiff prove that it is more likely than not that Defendant Edward Kinney falsely imprisoned Plaintiff?

YES _____          NO _____

*If you answered "yes" to any one of the above questions, proceed to Question 12.  If you answered "no" to all of the questions, you may sign and return this form.*

## <u>DAMAGES</u>

**Question 12.** What are Plaintiff Darren White's damages?

$_____

*Please proceed to Question 13.*

//
//
//
//

**Question 13**.  Did Defendant Kinney act with malice, oppression, or in reckless disregard of the Plaintiff's rights?

YES _____          NO _____

*Please sign and return this verdict form.*

Signed: _____
JURY FOREPERSON

Dated: _____