**CAROL A. SOBEL**, SBN 84483
**MONIQUE A. ALARCON**, SBN 311650
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t) 310-393-3055
(e) carolsobel@aol.com
(e) monique.alarcon8@gmail.com

**PAUL HOFFMAN**, SBN 71244
**CATHERINE SWEETSER**, SBN 271142
**SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP**
11543 W. Olympic Boulevard
Los Angeles, CA 90064
(t) 310-396-0731
(f) 310-399-7040
(e) hoffpaul@aol.com
(e) csweetser@sshhlaw.com

*Attorneys for Plaintiff,*
*DARREN "PETE" WHITE.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DARREN "PETE" WHITE,

Plaintiff,

v.

CITY OF LOS ANGELES, ET AL.,

Defendants.

Case No.: 2:17-cv-3306-SJO-MRW

**[PROPOSED] PRE-TRIAL CONFERENCE ORDER** [1]

PTC:
Date: August 13, 2018
Time: 9:00 a.m.
Dept.: 10C (Hon. S. James Otero)

TRIAL:
Date: August 21, 2018
Time: 9:00 a.m.
Dept.: 10C (Hon. S. James Otero)

[1] Plaintiff did not have the opportunity to meet and confer with Defendants' counsel about this order nor did Plaintiff receive Defendants' portions due to Defendants' counsel's illness. Plaintiff hereby submits his portions of the Pretrial Conference Order, but reserves the right to amend these portions when Defendants' portions are received.

TABLE OF CONTENTS

1. THE PARTIES .......... 1

2. FEDERAL JURISDICTION AND VENUE .......... 1

3. TRIAL TIME .......... 1

4. JURY TRIAL .......... 1

5. ADMITTED FACTS .......... 1

6. STIPULATED FACTS .......... 2

7. CLAIMS AND DEFENSES OF THE PARTIES .......... 2

(a) Plaintiff plans to pursue the following claims against the following defendants: .......... 2

(b) The elements required to establish Plaintiff's claims are: .......... 3

(c) The key evidence to establish each claim is as follows: .......... 6

8. ULTIMATE ISSUES .......... 8

9. DISCOVERY .......... 9

10. DISCLOSURES AND EXHIBIT LIST .......... 9

11. WITNESS LIST .......... 9

12. LAW AND MOTION MATTERS AND MOTIONS IN LIMINE .......... 10

13. BIFURCATION OF ISSUES FOR TRIAL .......... 10

14. WEIGHT OF PRE-TRIAL CONFERENCE STATEMENT .......... 11

## 1. THE PARTIES

Plaintiff Darren White brings this action against Defendants Edward Kinney and the City of Los Angeles. Each of these parties has been served and appeared. Parties not named here (Charlie Beck, in his official capacity) are hereby dismissed.

The pleadings which raise the issues are the First Amended Complaint (Docket 20) and the Answer (Docket 29). Plaintiffs have abandoned claims against Defendant Beck but maintain all other claims against both Defendants. The only exception is that although the City of Los Angeles is liable for violations of the First Amendment under Monell, Plaintiff does not pursue his retaliation theory against the City of Los Angeles.

## 2. FEDERAL JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked on the grounds that the case raises federal questions under 28 U.S.C. §1331.

## 3. TRIAL TIME

The parties have agreed to bifurcate the punitive damages issue. Trial on the initial claims against Defendant Kinney and the City of Los Angeles is estimated to take three days.

## 4. JURY TRIAL

The trial is to be a jury trial.

## 5. ADMITTED FACTS

Plaintiff proposes the following admitted facts:

1. San Julian and Sixth Street is an intersection in the Skid Row section of Los Angeles.

2. Wall Street is to the west of San Julian Street.

3. On June 14, 2016, an arrest of a third party took place between San Julian Street and Wall Street on Sixth Street.

4. On June 14, 2016, Plaintiff Darren White was seized and arrested.

5. Defendant Edward Kinney was acting under color of state law on June 14, 2016.

## 6. STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection: None.

## 7. CLAIMS AND DEFENSES OF THE PARTIES

**Plaintiffs:**

**(a) Plaintiff plans to pursue the following claims against the following defendants:**

Claim 1: Violation of the First Amendment and California Constitution Art. 1, §2, against Defendants Kinney and City of Los Angeles

Claim 2: Retaliation in Violation of the First Amendment and California Constitution Art. 1, §2, against Defendant Kinney only

Claim 3: Unlawful Seizure in Violation of the Fourth Amendment, against Defendant Kinney and Defendant City of Los Angeles.

Claim 4: Unlawful Seizure in Violation of the Fourteenth Amendment, against Defendant Kinney and Defendant City of Los Angeles.

Claim 5: Violation of California Civil Code §52.1, against Defendant Kinney and Defendant City of Los Angeles

Claim 6: False Imprisonment, against Defendant Kinney and Defendant City of Los Angeles.

Claim 7: False Arrest Without a Warrant by Police Officer, against Defendant Kinney and Defendant City of Los Angeles.

**(b) The elements required to establish Plaintiff's claims are:**

**Claim 1: Violation of the First Amendment and California Constitution Art. 1 §2**

The elements of the claim against Defendant Kinney are:

1. The Plaintiff engaged in protected conduct under the First Amendment
2. Defendant Kinney took action against the plaintiff
3. Stopping the Plaintiff's protected conduct was a substantial or motivating factor for Defendant Kinney's action.

The further elements of the claim against Defendant City of Los Angeles are:

4. Defendant City of Los Angeles had a custom, policy or practice of failing to train its officers about protected conduct.

**Claim 2: Retaliation in Violation of the First Amendment and California Constitution Art. 1, §2, against Defendant Kinney only**

The elements of the claim are:

1. The Plaintiff and his organization engaged in protected conduct under the First Amendment
2. Defendant Kinney took action against the Plaintiff
3. Retaliating against the Plaintiff for Plaintiff's and his organization's protected conduct was a substantial or motivating factor for the defendant's action.

**Claim 3: Unlawful Seizure in Violation of the Fourth Amendment, against Defendant Kinney and Defendant City of Los Angeles.**

The elements of the claim are:

1. Defendant Kinney seized the plaintiff's person;
2. In seizing the Plaintiff's person, Defendant Kinney acted intentionally;
3. The seizure was unreasonable.

The further elements of the claim against Defendant City of Los Angeles are:

4. Defendant City of Los Angeles had a custom, policy or practice of failing to train its officers as to when probable cause was created for a violation of Penal Code §148; in fact, there is a custom and policy of using that code section indiscriminately and arbitrarily.

**Claim 4: Unlawful Seizure in Violation of the Fourteenth Amendment, against Defendant Kinney and Defendant City of Los Angeles.**

The elements of the claim are:

1. Defendant Kinney seized the Plaintiff's person;
2. Defendant Kinney's seizure of Plaintiff's person was contrary to state law.

The further element against the City of Los Angeles is as follows:

3. Defendant City of Los Angeles' custom, policy, and/or practice of arresting and holding persons charged with minor misdemeanors caused Mr. White to be held in violation of state law.

**Claim 5: Violation of California Civil Code §52.1, against Defendant Kinney and Defendant City of Los Angeles**

The elements of the claim are:

1. Defendants used threats, intimidation, or coercion to interfere or in an attempt to interfere with the Plaintiff's exercise or enjoyment of rights secured by the laws of California;
2. The interference caused Plaintiff to suffer injury, damage, loss, or harm

**Claim 6: False Imprisonment, against Defendant Kinney and Defendant City of Los Angeles**

The elements of the claim are:

1. Defendant Kinney and the City of Los Angeles held the plaintiff in custody
2. Plaintiff should not have been held in custody at all, or there was an unnecessary delay in releasing the plaintiff
3. Plaintiff did not consent to be held or to the delay
4. Plaintiff was harmed.

**Claim 7: Arrest Without a Warrant by Police Officer, against Defendant Kinney and Defendant City of Los Angeles**

The elements of the claim are:

1. Defendant Kinney arrested Plaintiff White without a warrant and without probable cause
2. Plaintiff White was actually harmed
3. Defendant Kinney's conduct was a substantial factor in causing Plaintiff's harm.

**(c) The key evidence to establish each claim is as follows:**

**Claim 1:** 1. The Plaintiff engaged in protected conduct under the First Amendment: Video exhibits and testimony of plaintiff and Defendant Kinney and of Mr. Steve Diaz.

2. Defendant Kinney took action against the plaintiff: Video exhibits.

3. Stopping the Plaintiff's protected conduct was a substantial or motivating factor for Defendant Kinney's action. Video exhibits and photographic stills, testimony of plaintiff, of Defendant Kinney, of Mr. Steve Diaz, and of Commander Leslie, and booking documents and notice to appear.

The further elements of the claim against Defendant City of Los Angeles are:

4. Defendant City of Los Angeles had a custom, policy or practice of failing to train its officers about protected conduct.

**Claim 2:** 1. The Plaintiff engaged in protected conduct under the First Amendment: Video exhibits and testimony of plaintiff and Defendant Kinney and of Mr. Steve Diaz.

2. Defendant Kinney took action against the plaintiff: Video exhibits.

3. Retaliating against the Plaintiff's protected conduct was a substantial or motivating factor for Defendant Kinney's action. Video exhibits and photographic stills, testimony of plaintiff, of Defendant Kinney, of Mr. Steve Diaz, and of Commander Leslie, and booking documents and notice to appear.

**Claim 3:** The elements of the claim are:

1. Defendant Kinney seized the plaintiff's person: Video exhibits and testimony of plaintiff and Defendant Kinney.

2. In seizing the Plaintiff's person, Defendant Kinney acted intentionally: Video exhibits and testimony of plaintiff and Defendant Kinney.

3. The seizure was unreasonable: Video exhibits, testimony of plaintiff, of Defendant Kinney, of Mr. Steve Diaz, and of Commander Leslie, and booking documents and notice to appear.

The further elements of the claim against Defendant City of Los Angeles are:

4. Defendant City of Los Angeles had a custom, policy or practice: testimony of Defendant Kinney and of Commander Leslie; adult detention log.

**Claim 4:** 1. Defendant Kinney seized the Plaintiff's person: Video exhibits and testimony of plaintiff and Defendant Kinney.

2. Defendant Kinney's seizure was contrary to state law: Testimony of plaintiff, of Defendant Kinney, booking documents and notice to appear.

3. Defendant City of Los Angeles had a custom, policy or practice: testimony of Defendant Kinney and of Commander Leslie; adult detention log.

**Claim 5:** 1. Defendant Kinney and the City of Los Angeles interfered with Plaintiff's constitutional rights: Video exhibits, testimony of plaintiff, of Defendant Kinney, of Mr. Steve Diaz, and of Commander Leslie, and booking documents and notice to appear.

2. Plaintiff was harmed: Video exhibits, testimony of plaintiff, of Defendant Kinney, of Mr. Steve Diaz, and of Commander Leslie.

**Claim 6:** 1. Defendant Kinney and the City of Los Angeles held the Plaintiff in custody: Video exhibits, testimony of plaintiff, of Defendant Kinney, of Mr. Steve Diaz, and of Commander Leslie, and booking documents and notice to appear.

2. Plaintiff should not have been held in custody and did not consent: Video exhibits, testimony of plaintiff, of Defendant Kinney, of Mr. Steve Diaz, and of Commander Leslie, and booking documents and notice to appear.

**Claim 7:** 1. Defendant Kinney arrested Plaintiff White without a warrant or probable cause: Video exhibits, testimony of plaintiff, of Defendant Kinney, of Mr. Steve Diaz, and of Commander Leslie, and booking documents and notice to appear.

2. Plaintiff White was actually harmed: testimony of Plaintiff and of Mr. Steve Diaz.

3. Defendant Kinney's conduct was a substantial factor in causing Plaintiff's harm: Video exhibits, testimony of plaintiff, of Defendant Kinney, of Mr. Steve Diaz, and of Commander Leslie, and booking documents and notice to appear.

**Defendants' Evidence in Opposition to the Claims:**

**Claim 1**

**Claim 2:**

**Claim 3:**

**Claim 4**

**Claim 5:**

**Defendant's Affirmative Defenses:**

**8. ULTIMATE ISSUES**

A. Plaintiffs' Issues: The ultimate issues that remain to be tried are: Whether Defendant Kinney violated Plaintiff's rights under the First, Fourth, and

Fourteenth Amendments and the corresponding state constitutional provisions; whether Defendant Kinney violated the Bane Act in depriving plaintiff of his constitutional rights; whether Defendant Kinney falsely imprisoned Plaintiff; and whether Defendant Kinney arrested Plaintiff without a warrant. There is also an ultimate issue of whether the City of Los Angeles is also responsible for the federal violations because of its custom, policy, or practice. There is no dispute that the City is vicariously liable under state law for the state law violations. Plaintiff's damages from these violations also remain to be tried, including punitive damages against Defendant Kinney.

B. Defendant's Issues

## 9. DISCOVERY

Discovery is complete.

## 10. EXHIBIT LIST

The exhibit list has been filed. The parties are filing an exhibit stipulation concurrently with this Pretrial Conference Order pursuant to the court's standing order.

## 11. WITNESS LIST

The witness list has been filed. Only those witnesses identified therein will be allowed to testify at trial. The parties do not intend to present any deposition testimony in lieu of witness testimony, and will use deposition testimony for impeachment only.

//

//

**12. <u>LAW AND MOTION MATTERS AND MOTIONS IN LIMINE</u>**

**<u>Plaintiffs</u>**

Plaintiffs have filed four motions in limine, including:

1. A motion to exclude evidence and testimony concerning past arrests and convictions for any witnesses including Plaintiff.
2. A motion to exclude evidence and testimony concerning past lawsuits brought by Plaintiff and his organization.
3. A motion to exclude the body-cam videos that Defendants have refused to produce to Plaintiff from trial, even for impeachment purposes.
4. A motion to exclude evidence and testimony concerning any cursing by Plaintiff after his arrest.

**13. <u>BIFURCATION OF ISSUES FOR TRIAL</u>**

**Plaintiff's position:** Plaintiff has agreed that punitive damages can be bifurcated for trial.

**Defendant's position:**

//

//

**14. WEIGHT OF PRE-TRIAL CONFERENCE STATEMENT**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: August 6, 2018

Respectfully submitted,
LAW OFFICE OF CAROL A. SOBEL
SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP

By: /s/ Catherine Sweetser
CATHERINE E. SWEETSER
Attorney for Plaintiff